## Ex Parte CHATFIELD.

### No. 21,128; June 4, 1894.

#### 36 Pac. 948.

**Habeas Corpus—Probable Cause for Commitment.**—On application for discharge on habeas corpus, asked on the ground that petitioner was committed for obtaining money under false pretenses, without probable cause, in that the false pretenses were not proven by corroborating circumstances in addition to the testimony of one witness, as required by Penal Code, section 1110, the evidence must be taken as establishing all that it tends to prove.[1]

Application of Chatfield for discharge on habeas corpus. Discharge denied.

S. C. Denson for petitioner; Piexotto, district attorney, for respondent.

PER CURIAM.—Petitioner was examined in the police court of the city and county of San Francisco on a charge

---

[1] Cited and followed in In re Squires, 13 Idaho, 628, 92 Pac. 755, the court saying: "The state is not required to establish the guilt of the defendant beyond a reasonable doubt, as upon the trial, and, the phrase 'reasonable or probable cause' is not equivalent to 'beyond a reasonable doubt.' "

of obtaining money under false pretenses, and was committed for trial to the superior court. He asks to be discharged on habeas corpus, under subdivision 7 of section 1487 of the Penal Code, upon the ground that he was committed without reasonable or probable cause. His contention is that the evidence was not sufficient to warrant his being held, in that the alleged false pretense was not "proven by the testimony of two witnesses, or that of one witness and corroborating circumstances," as required by section 1110 of the Penal Code. There was, as appears by the record, but one witness to the false pretense—the prosecuting witness; but after a careful examination of all the evidence upon which the commitment was based, and applying, as we must, the rule that the evidence is to be taken as establishing all that it tends to prove, we are not prepared to say that there are no corroborating circumstances within the purview of the section relied upon. For these reasons the petitioner must be remanded, and it is so ordered.