(November 22, 1907.)

## IN RE SQUIRES.

[92 Pac. 754.]

HABEAS CORPUS—COMMITTING MAGISTRATE—EVIDENCE—PRELIMINARY EXAMINATION—AMOUNT OF EVIDENCE—REASONABLE OR PROBABLE CAUSE—REASONABLE DOUBT—DISCRETION OF MAGISTRATE—ABUSE OF.

1. *Held,* that there was sufficient evidence in this case to warrant the committing magistrate to hold the petitioner for trial in the district court.

2. In a preliminary examination, the state is not bound to produce all of its evidence, and if it produces sufficient to satisfy the committing magistrate that a crime has been committed, and that there is reasonable or probable cause to believe that the peti-

tioner committed it, it is the duty of the magistrate to hold the petitioner for trial.

3. By "reasonable or probable cause," is meant such evidence as would lead a reasonable person to believe that the accused party has probably or likely committed the offense charged.

4. In a preliminary examination, the state is not required to establish the guilt of the petitioner beyond a reasonable doubt, and the phrase, "reasonable or probable cause," as used in subdivision 7 of section 8354, Revised Statutes, is not equivalent to the phrase, "beyond a reasonable doubt."

5. *Held,* that it appears from the evidence that a public offense had been committed, and that there was sufficient cause to believe the petitioner guilty thereof. That being true, the committing magistrate did not abuse his discretion in holding the petitioner to appear for trial.

(Syllabus by the court.)

ORIGINAL application in this court for writ of *habeas corpus.* Application for a discharge of the prisoner denied, and the prisoner remanded to the custody of the sheriff of Latah county.

S. S. Denning, for Petitioner, cites no authorities on points decided by the court.

J. J. Guheen, Attorney General, Edwin Snow, J. H. Peterson, and B. S. Crow, for State.

In order to hold a defendant under section 8354, Revised Statutes, it is not necessary that the state present such a case at the preliminary examination as would be required to convict him in the district court beyond a reasonable doubt. (*In re Sly,* 9 Idaho, 779, 76 Pac. 766.) Under the section of the statute above referred to, it is uniformly held that the question of the preliminary showing which the state is required to make at the examination of the prisoner is a question apart from that of the showing it must make on presenting the case to a jury. "Reasonable or probable cause" is by no means the equivalent of "beyond a reasonable doubt." The evidence taken at the preliminary hearing must be taken to prove all that it tends to prove. (*Ex parte Chatfield* (Cal.), 36 Pac. 948.)

On application for a writ, under statutes similar to ours, if jurisdiction exists, the proceedings before a magistrate will not be reviewed, and the merits of the case will not be determined. (*Ex parte Becker,* 86 Cal. 402, 25 Pac. 9; *People v. Smith,* 1 Cal. 9; 21 Cyc. 325, and citations.)

This court has declared that an application for a writ of *habeas corpus* should be denied where it is not shown that the committing magistrate has abused the discretion which the law vests in him, when the depositions taken at the examination show that a crime has been committed, and it is reasonably probable that the petitioner committed such crime. (*In re Levy,* 8 Idaho, 53, 66 Pac. 806.)

SULLIVAN, J.—This is an application for a writ of *habeas corpus* by A. H. Squires, who was held to answer to the district court on a charge of manslaughter by the probate judge of Latah county. This application is made under the provisions of subdivision 7 of section 8354, Revised Statutes. Said section provides, after enumerating certain causes in which a writ may issue, as follows: "Where a party has been committed on a criminal charge without reasonable or probable cause." Counsel for the petitioner contends that the evidence does not show reasonable or probable cause for holding the petitioner to appear before the district court.

It appears from the evidence contained in the record that on July 17, 1907, the petitioner was the owner of a restaurant in the town of Troy, said Latah county; that the deceased, one Robert Clem, who was addicted to drink, had worked for the petitioner at various times, and frequented said restaurant. On the morning of July 17th, about 1 o'clock, the deceased was in the defendant's restaurant. He had overturned and broken some dishes, and the petitioner put him out of his restaurant. It appears that before the petitioner put the deceased out of his restaurant, they quarreled, and the deceased called the petitioner "some black name." Shortly after the petitioner had put him out, deceased was observed by three or four people lying at the edge of the sidewalk, some sixty or seventy feet from the door of the restaurant, with his coat off. One of those parties had a

lantern, and stopped and ascertained that it was Clem and spread his coat over his shoulders, thinking that he was in a drunken stupor or sleep. Clem laid there until about half after 6 o'clock the following morning, when he was taken from there to his home, on the suggestion of a physician, and remained in an unconscious condition until his death occurred about half after 3 o'clock on the afternoon of the 17th of July, 1907.

It appears from the evidence that the petitioner told different stories in regard to what occurred at the time he put the deceased out. One witness testified, as follows, to wit: "Mr. Squires says I took Clem out of there, and he called me some black name, and that Clem said he would get a butcher knife, and cut them ·[him] down to his size; and then Squires says he fell down there, and pointed with his hand like that, and over there, and pointed at another place over where he was lying. He fell there, and he fell there, and over there.'' And he told others when he pushed Clem out of his door, Clem did not fall, but "he just kind of squatted.''

It further appears that the petitioner was in and about said restaurant for some time after he had put the deceased out, and one witness testified that the petitioner told him after he had put the deceased out, he·went home and went to bed.

It further appears that the deceased had a number of contusions on his body. They were on his arms, his leg, and his head. On his head the bruises were severe, and on the left side, above the ear, there was a contusion, swollen, and about two inches in diameter. The physician who made the post-mortem examination testified that it was his opinion that the deceased came to his death by reason of such wounds and contusions. The presence of a large blood clot on the brain, and a half pint of blood, which the doctor testified he found in the right side of his head, was the cause of his death, in the opinion of the doctor.

It will serve no useful purpose to go into the evidence any further. We think from all of the evidence it shows the commission of a crime, and that there was reasonable or probable cause for believing the petitioner committed it. Counsel

for the petitioner contends that drunkenness was the cause of the death of the deceased, and cites Taylor's Medical Jurisprudence, the Clark-Bell edition, page 203, and other medical works as to the effect of alcohol on the stomach and brain. The physician and surgeon who made the postmortem examination testified that, in his opinion, the cause of Clem's death was violence, and not drunkenness—not alcoholic poisoning. The physician testified that the half pint of blood found in the right side of the head could not have been produced by alcoholic poisoning, and that the amount of blood so found is very much greater than would be found in a case of apoplexy.

In a preliminary examination, the state is not bound to produce all of its evidence. If it produces such evidence as would induce a reasonable man to believe that the accused party probably or likely committed the offense charged, it is the duty of the magistrate to hold the defendant for trial. The state is not required to establish the guilt of the defendant beyond a reasonable doubt, as upon the trial, and the phrase, "reasonable or probable cause," is not equivalent to "beyond a reasonable doubt." (*Ex parte Chatfield* (Cal.), 36 Pac. 948.)

This court held in *Re Levy*, 8 Idaho, 53, 66 Pac. 806, that the application for a writ of *habeas corpus* should be denied, where it is not shown that the committing magistrate has abused the discretion which the law vests in him.

We think it sufficiently appears from the testimony in this case that a public offense has been committed, and that there is sufficient cause shown to warrant the holding of the petitioner for trial in the district court.

The only question raised on this application is whether the committing magistrate abused his discretion in holding the petitioner to appear for trial under the evidence adduced on the hearing. After carefully reviewing the whole evidence, we are satisfied that there was no abuse of discretion in that matter. The release of the petitioner is therefore denied, and it is ordered that he be remanded to the care and custody of the sheriff of Latah county.

Ailshie, C. J., concurs.