(August 21, 1912.)

## STATE, Respondent, v. HERMAN LAYMAN, Appellant.

[125 Pac. 1042.]

MISDEMEANOR—INTOXICATING LIQUORS—DISPOSAL OF—PROHIBITION DIS-
TRICT—PRELIMINARY EXAMINATION — SUFFICIENCY OF EVIDENCE—
DISCRETION OF COMMITTING MAGISTRATE—REASONABLE AND PROB-
ABLE CAUSE—SUFFICIENCY OF INFORMATION—INSTRUCTIONS—VER-
DICT—SUFFICIENCY OF EVIDENCE TO SUPPORT.

(Syllabus by the court.)

1. *Held,* that the committing magistrate did not abuse his dis-
cretion in requiring the defendant to appear for trial in the district
court.

2. It is not necessary for the committing magistrate to be con-
vinced beyond a reasonable doubt that one accused of crime is
guilty thereof, but if from all of the evidence he has reasonable or
probable cause to believe, and does believe, that the accused is
guilty, it is his duty to hold him for trial.

3. *Held,* that the information sufficiently charges the crime of
which the defendant was convicted.

4. Where counsel for defendant suggests to the court that the
jury be permitted to take to the jury-room the session laws con-
taining the sections of the statute under which the prosecution was
had, and the court grants the request and declines to give in addition
thereto instructions covering the sections of the statute referred to,
*held* not error.

5. *Held,* that the evidence is sufficient to support the verdict.

APPEAL from the District Court of the Ninth Judicial
District, in and for Fremont County.   Hon. James G. Gwinn,
Judge.

Defendant was convicted of maintaining a common nuisance
in keeping for sale, delivery or distribution, in violation of
law, intoxicating liquors, and was sentenced to pay a fine
of $500.   Judgment *affirmed.*

Millsaps & Moon, for Appellant.

The depositions taken at the preliminary examination do not disclose that any public offense was committed by the defendant or that there was probable cause to believe the defendant guilty of the offense charged in the information or any offense, and that the defendant had been committed and held to answer without any reasonable or probable cause for believing the defendant guilty of the offense charged, or any offense at all. (*In re Knudtson,* 10 Ida. 676, 76 Pac. 641.)

The mere finding of intoxicating liquors in a dwelling-house is no evidence at all that the person is maintaining a common nuisance and these depositions contain no other evidence whatever. (*State v. White,* 71 Kan. 356, 80 Pac. 589, 6 Ann. Cas. 132; *Rice v. State,* 5 Okl. Cr. 68, 113 Pac. 203; *State v. Clark,* 4 Ida. 7, 35 Pac. 710; *State v. Farris,* 5 Ida. 666, 51 Pac. 772; *State v. McGann,* 8 Ida. 40, 66 Pac. 823; *Ex parte McConnell,* 83 Cal. 558, 23 Pac. 1119; *State v. McGreevey,* 17 Ida. 453, 105 Pac. 1047; *In re Sly,* 9 Ida. 779, 76 Pac. 766; *In re Squires,* 13 Ida. 624, 92 Pac. 754.)

In the following cases the evidence has been held insufficient to support the verdict upon similar charges: *McLin v. City of Griffin,* 7 Ga. App. 607, 67 S. E. 686; *Loeb v. City of Atlanta,* 8 Ga. App. 97, 68 S. E. 624; *Johnson v. State,* 6 Okl. Cr. 490, 119 Pac. 1019; *Byler v. State,* 6 Okl. Cr. 698, 119 Pac. 1022; *McComb City v. Hill* (Miss.), 46 So. 346.

D. C. McDougall, Attorney General, J. H. Peterson, Assistant Attorney General, and B. H. Miller, for Respondent.

In a preliminary examination, the state is not bound to produce all of its evidence, and if it produces sufficient to satisfy the committing magistrate that a crime has been committed and that there is reasonable and probable cause to believe that the petitioner committed it, it is the duty of the magistrate to hold the petitioner for trial. (*In re Squires,* 13 Ida. 624, 92 Pac. 754.)

SULLIVAN, J.—The defendant was convicted of maintaining a common nuisance, and was charged by the information with wilfully and unlawfully, within a prohibition district, maintaining a place where intoxicating liquors were sold, furnished, delivered, given away or otherwise disposed of, in violation of law, and was sentenced to pay a fine of $500, and in default of payment, was ordered to be confined in the county jail until said fine be paid, at the rate of two dollars per day.

A motion for a new trial was denied, and this appeal is from the judgment and order denying a new trial.

Numerous errors are assigned and a reversal of the judgment demanded. On the filing of the information in the district court, counsel for appellant moved to set aside and quash the information, on the ground that the depositions taken at the preliminary examination were not sufficient to justify the committing magistrate in binding the defendant over to the district court. We think the testimony introduced in the preliminary examination was sufficient to satisfy the committing magistrate that a crime had been committed and that there was reasonable and probable cause to believe that the defendant committed it, and that being true, it was the duty of the magistrate to hold the petitioner for trial, and it was not an abuse of his discretion to do so.

This court held in *In re Squires,* 13 Ida. 624, 92 Pac. 754, that "By 'reasonable or probable cause' is meant such evidence as would lead a reasonable person to believe that the accused party has probably or likely committed the offense charged," and that the phrase "reasonable or probable cause," as used in subd. 7 of sec. 8354, Rev. Stat. 1887, is not equivalent to the phrase "beyond a reasonable doubt."

The statute under which this prosecution was had is commonly known as the "Search and Seizure Act," passed by the eleventh session of the legislature. (See Sess. Laws 1911, p. 31.) The learned counsel for the defendant argues that as the liquor found was in a private residence, under no circumstance could that be construed to be sufficient evidence to

make a *prima facie* case under said statute, and that a *prima facie* case must be made before the committing magistrate has any authority to bind the defendant over to the district court. On a careful examination of the evidence produced at the preliminary examination, it is revealed that there was circumstantial evidence, aside from the mere finding of liquor at the residence of defendant, sufficient to justify the committing magistrate in binding the defendant over to the district court. One hundred and twenty-five half-pint bottles of liquor were found at the residence of the defendant, and the finding of this quantity of liquor in half-pint bottles is a circumstance which goes to show that the defendant was engaged in disposing of such liquor. Would a private party, keeping liquor in his residence for his own use, be apt to purchase 125 half-pint bottles, when one, two or three would have been sufficient for him? The fact that the whisky was kept in half-pint bottles, a quantity commonly sold and easily handled, is a circumstance itself that the magistrate might take into consideration in determining whether or not the defendant was engaged in the practice of selling liquor. A wide discretion must be given to a committing magistrate in binding over, and in order to vacate and nullify his action in this regard, it must be shown that such action was a plain case of abuse of discretion.

Counsel for appellant cites the cases of *State v. White,* 71 Kan. 356, 80 Pac. 589, 6 Ann. Cas. 132, and *Rice v. State,* 5 Okl. Cr. 68, 113 Pac. 203, which were in effect that the mere possession of whisky without proof of the purpose for which it is held is not sufficient to sustain a conviction of one charged with having whisky in his possession for unlawful purposes. Those cases lay down the rule applicable to the trial of a defendant charged with the offense of illicitly selling liquor where the defendant must be proven guilty beyond a reasonable doubt, but have no reference whatever to the proceedings at a preliminary hearing where the act complained of need not be proven beyond a reasonable doubt. The court did not err in overruling said motion.

It is next contended that the court erred in overruling defendant's demurrer to the information. It is contended that the information is defective in not alleging any offense or in not stating facts sufficient to constitute a probable offense. There is no merit in this contention, as the information is amply sufficient to charge the defendant with the offense of which he was convicted, and it is couched in language so plain as to leave no doubt as to the crime charged. The charging part of the complaint is as follows: "That the said Herman Layman . . . . did then and there, wilfully and unlawfully, within a prohibition district, occupy, maintain and control a certain place where intoxicating liquors were sold, delivered, furnished, given away or otherwise disposed of in violation of law, and where persons were permitted to resort for the purpose of drinking intoxicating liquors as a beverage and where intoxicating liquors were kept for sale, delivery or distribution and disposal in violation of law," etc.

It is contended that the court erred in permitting the jury in this case to take with them to the jury-room a copy of the session laws containing the statute under which the prosecution was had. On an examination of the record it reveals the fact that it was defendant's own counsel who made the suggestion that the jury take the session laws to the jury-room for the purpose of reading said sections, and counsel will not be permitted to take advantage of an error made by the court on his own request. It was error for the court to permit the jury to take said session laws to the jury-room, but it was not reversible error, as it was done at the request of counsel for the defendant.

It is also contended that it was error for the court to refuse to give certain instructions offered by the defendant. However, as said instructions were substantially a copy of the sections of the statute above referred to, the jury was given the benefit of said instructions by permitting them to take the session laws containing them to the jury-room.

It is next contended that the evidence is not sufficient to sustain the verdict. The evidence shows that the deputy

sheriff searched the premises of the defendant on the date alleged in the information, and found an empty barrel and 125 bottles of whisky on the premises. The bottles of whisky were found in a wardrobe in a bedroom in the residence. The bottles were lying on a shelf and were in pasteboard boxes, except about twenty-five or thirty which were not inclosed in boxes. On the premises were found ten or fifteen empty barrels similar to the one introduced in evidence.

One witness testified that he had seen people going to the defendant's house at various times in the day and night; that perhaps three would go to the house and one would leave the other two and go into the house and the other two would go up the street where the third party would join them later. He also testified that he had seen individuals go there at early hours in the morning and late at night; that individuals with carriages and conveyances of different kinds would drive up there and one of them would leave the other in the carriage and go to the house of defendant and when he returned he would have a box with him, perhaps a foot and a half square.

Another witness testified that he had frequently seen persons go to the defendant's residence; that he saw one party drive up to within two rods of the entrance of the house, saw defendant come from his residence, go up to the buggy, take out of his pocket a small parcel and throw it into the buggy, and the occupant thereof put his hand in his pocket and hand something to defendant and defendant put his hand in his pocket and walk back to the house; that the parcels thus transferred were from five to seven inches in length and from four to five in width and were wrapped in paper.

Others testified that they saw parties drive up to defendant's house and stop by a telephone pole; that defendant came from his residence and handed them a package, then returned to the house and got another package and delivered it in the same way.

Another witness testified that he is a drayman and delivered the defendant at his residence shipments composed of barrels marked "Beer."

Points Decided.

The defendant failed and refused to introduce any evidence on his own behalf. We think the evidence sufficient to support the verdict.

Other errors are assigned, which we have considered, but shall not refer in detail to them here.

We find no reversible error in the record and the judgment must be affirmed, and it is so ordered.

Stewart, C. J., concurs.

Ailshie, J., concurs in the conclusion.