409 P.2d 426

Frank J. MARTINEZ, Petitioner-Appellant,

v.

STATE of Idaho, Defendant-Respondent.

No. 9659.

Supreme Court of Idaho.

Dec. 29, 1965.

R. H. Young, of Schiller, Young & Williams, Nampa, Wayne P. Fuller, of Brauner & Fuller, Caldwell, for appellant.

Allan G. Shepard, Atty. Gen., and James E. Scanlan, Asst. Atty. Gen., Boise, C. Robert Yost, Pros. Atty., Caldwell, for respondent.

**McFADDEN, Justice.**

After a preliminary hearing, appellant, Frank J. Martinez, was bound over to the district court on a charge of murder in the second degree. Martinez filed his application for a writ of habeas corpus in the district court, and the writ was issued to the sheriff of Canyon County, who made return that he was holding appellant pursuant to an order of the committing magistrate. On the issues so framed the cause was heard before the district court which held that appellant was not illegally held by the sheriff, and the writ was quashed. Appellant appealed from that order.

Appellant's first assignment of error is that the trial court erred in failing to inquire into the sufficiency of the evidence presented to the justice court at the time of the preliminary examination held before that court sitting as a committing magistrate.

This court has held that a district court in a habeas corpus proceeding may examine the evidence submitted at a preliminary hearing before a committing magistrate to determine if there was evidence presented tending to show that a public offense had been committed and if there was probable cause to believe the accused committed it. In re Baugh, 30 Idaho 387, 164 P. 529; In re Carpenter, 88 Idaho 567, 401 P.2d 800. The record discloses that on October 30, 1964, the cause first came before the district court, at which time the transcript of the preliminary examination was presented to the court for examination. Briefs were to be filed, and the cause continued. Later, the cause was again before the court, and all parties agreed that the transcript of the preliminary examination was to be a part of the record. The trial

court in quashing the writ of habeas corpus stated:

"I find from the examination of the Preliminary Hearing give no—shows no—it doesn't show that this man is being illegally or wrongfully held or restrained * * *; therefore the Writ of Habeas Corpus is quashed." The record fails to substantiate appellant's contention concerning his first assignment of error.

Other assignments of error attack the sufficiency of the evidence presented at the preliminary examination to sustain the trial court's determination that the writ should be quashed.

The state is not required to produce all of its evidence at a preliminary examination; if it produces enough to satisfy the committing magistrate that a crime has been committed and that there is reasonable or probable cause to believe the accused committed it, it is the duty of the magistrate to hold the accused for trial. The words "reasonable or probable cause" mean such evidence as would lead a reasonable person to believe the accused party has probably or likely committed the offense charged. In re Squires, 13 Idaho 624, 92 P. 754; See also: State v. Layman, 22 Idaho 387, 125 P. 1042; In re Sly, 9 Idaho 779, 76 P. 766; State v. Bond, 12 Idaho 424, 86 P. 43; I.C. § 19–815. In Rule 19–4215 are set forth the grounds for

discharge of a prisoner in a habeas corpus proceeding, and therein it is provided a prisoner may be discharged "Where a party has been committed on a criminal charge without reasonable or probable cause." R 19–4215(7).

In this case, at the preliminary examination, Mr. Selby, an ambulance driver, testified he answered a call for ambulance service at about 2:00 p. m., July 31, 1964, to go to 1712 2nd Street South, Apartment 4, Nampa, Idaho, and that when he arrived there he observed Sandra Coburn, the mother of the infant victim, standing in the apartment holding a child in her arms; that she told him, "I think my baby is dead"; that he examined the body of the child and could detect no sign of life; that appellant was at the scene when he arrived.

Dr. Helen Beeman, a pathologist, testified that she had performed an autopsy upon the body of an infant male, represented to her as Michael Coburn; she testified that she observed bruised areas on the infant's body, the major bruised areas being the trunk, both front and back; that the top of the liver had been torn off and that the only way that could have happened was for it to be "severely hit."

Weldon Ioe, Captain of Detectives of the Nampa police force, testified that he was "out in a police car and heard the ambulance call the station about a child being dead at 1712 2nd Street South." He fur-

ther testified that he went to that address and found the body of a child which he recognized as Michael Coburn lying on a couch in the apartment; that he examined the body and noticed bruises on the front and back of the child.

■ This testimony was sufficient to justify the committing magistrate in concluding that a crime had been committed.

■ During the preliminary examination the sheriff of Canyon County testified as to statements appellant made to him. Appellant contends that one of such statements, that he had kicked the child, was involuntarily made. He contends that admission of the sheriff's testimony in that regard was error and should not be considered in evaluating the testimony taken before the committing magistrate.

In State v. Garney, 45 Idaho 768, 773, 265 P. 668, 670, it is stated:

"* * * a confession is an outright acknowledgment in express terms, by a party in a criminal case, that he is guilty of the crime charged, while an admission is a statement by the accused of facts pertinent to the issue from which guilt may be inferred and which tends toward proof of the ultimate fact of guilt. (citations) The rule requiring a showing that a confession was voluntary and without promise of im-

munity or reward does not apply to mere admissions."

See also: State v. Bock, 80 Idaho 296, 328 P.2d 1065.

In State v. Cofer, 73 Idaho 181, 249 P.2d 197, this court held:

"Statements or declarations of a party accused of crime, which do not amount to a confession but from which, in connection with other evidence, an inference of guilt may be drawn, are admissible in evidence against the accused." 73 Idaho at 188, 249 P.2d at 201.

The record of the preliminary hearing discloses that the statement made by appellant to the sheriff was an admission, not a confession, and under the authority of the foregoing cited cases, such statement was admissible into evidence without the necessity of proof that it was voluntarily made.

■ record discloses that there were facts from which the committing magistrate could find the facts requisite to bind appellant over for trial in the district court pursuant to I.C. § 19–815. The trial court did not err in quashing the writ of habeas corpus. The order of the district court quashing such writ is affirmed.

McQUADE, C. J.; and TAYLOR, SMITH and KNUDSON, JJ., concur.