506 P.2d 99

**STATE of Idaho, Plaintiff-Appellant,**

**v.**

**Jeff O'MEALEY, Defendant-Respondent.**

**No. 11097.**

Supreme Court of Idaho.

Feb. 9, 1973.

W. Anthony Park, Atty. Gen., J. Dennis (J.D.) Williams, Deputy Atty. Gen., Boise, Gary M. Haman, Pros. Atty., Coeur d'Alene, for plaintiff-appellant.

Bliss O. Bignall, Coeur d'Alene, for defendant-respondent.

SHEPARD, Justice.

This is an appeal by the State from an order of the district court granting a motion to dismiss a criminal complaint. The court held that the defendant was wrongfully held to answer in the district court since no evidence was presented upon which the magistrate could have found

probable cause to believe the defendant committed the offense charged. The crime charged was unlawful possession of a controlled substance with the intent to deliver. The sole issue for determination herein is whether the intent to deliver a controlled substance can be inferred and presumed solely from the quantity and variety of substances found upon the defendant's person. We affirm the action of the district court.

On July 4, 1971 a large "Rock Festival" under the guise of a religious assemblage was held at Farragut State Park. Undercover narcotic investigations at the park were conducted. During the time that the defendant was at the Park one of his companions sold an undercover agent what was represented by the seller to be a controlled substance. The substance involved in that sale turned out to be not a controlled substance, but rather common cocoa. Following the sale, the driver of the car, the Defendant O'Mealey, and two other companions left the park in an automobile. Officers followed the car for approximately six miles, then stopped it and arrested the occupants. Defendant was charged with the unlawful possession of a controlled substance with the intent to deliver. I.C. § 37–2732.

On July 15, 1971, the defendant O'Mealey and two companions appeared at a joint preliminary hearing before a magistrate in Coeur d'Alene. The evidence adduced at the preliminary hearing indicated that there had been found on the defendant's person, or in clothing belonging to him, the following controlled substances:

Six tablets of LSD

Thirty-eight tabs of amphetamine sulfate

0.061 grams of cocaine hydrochloride

63.23 grams (approximately 2–¼ ounces) of marijuana

At the close of the preliminary hearing the defendant moved to dismiss the complaint on the ground that the State had failed to present any evidence of his intent to deliver those controlled substances. The magistrate denied that motion on the basis that even though the State's case was "very weak" the quantities of the controlled substances, coupled with the circumstances of the defendant's arrest constituted probable cause to bind the defendant over for trial. I.C. § 19–804, § 19–815.

As provided and authorized in I.C. § 19–815A, defendant O'Mealey then renewed his motion to dismiss before the district court. The district court reviewed the evidence and granted the motion for dismissal. The district court stated:

"[C]oncerning the defendant, O'Mealey, the evidence is sufficient to show that he possessed various types of a controlled substance, including LSD, amphetamine sulfate, cocaine hydrochloride and marijuana. However, the only contact with O'Mealey by the State, or anyone who testified, was after the Olson automobile had been stopped. *There is no testimony in the record, in any regard, of the actual constructive or attempted transfer of a controlled substance from O'Mealey to any other person, no evidence of intent to do so.*

"Pursuant to Idaho Code 19–815A, it is the Court's conclusion that the Magistrate held the defendant, O'Mealey to answer without reasonable or probable cause to believe the defendant had committed the crime of 'possession of a controlled substance with intent to deliver,' and, accordingly, the Information filed herein is dismissed." [emphasis added]

The State seeks to appeal the order of the district court dismissing the action and relies on I.C. § 19–2804 as authority for the appeal. Defendant makes no objection to the State's appeal and on oral argument defense counsel expressly waived any objection.

We note initially that as found by the district court there is no evidence in the record of any actual, constructive or attempted transfer of a controlled substance from O'Mealey to any other person. The State correctly points out that "the intent

or intention is manifested by the circumstances connected with the offense * * *" I.C. § 18-115. The State argues that the following facts are relevant in this regard:

1. The defendant's presence at the State Park during a rock festival with another person who sold a substance which was represented to be a controlled substance but which in actuality was common cocoa.

2. The defendant's presence in an automobile with other persons who were also *charged* with possession of controlled substances with the intent to deliver.

3. The defendant's possession of a variety and quantity of controlled substances set out hereinabove.

■ ■ We find no support either in logic or law for the assertion that the defendant's presence at the time of a sale of cocoa has any bearing on his "intent" to deliver controlled substances. We likewise find no support for the assertion that the defendant's presence in a car with companions who were *charged* with possession of controlled substances with intent to deliver has any relevance to defendant's "intent."

The State's appeal herein stands solely then · upon the argument that the variety and quantities of substances found on the person of the defendant in and of themselves, presents sufficient evidence to satisfy a reasonable man that the defendant probably intended to deliver these substances.

The purpose of a preliminary examination before a magistrate is to determine whether a crime has been committed and whether there is probable cause to believe that the defendant committed it. I.C. §§ 19-804, ·19-815. The standard used both in magistrates' court and in the district court to evaluate such evidence as is presented at preliminary hearing is different than the standard used to determine whether evidence is sufficient to sustain a conviction after trial. Carey v. State, 91 Idaho 706, 709, 429 P.2d 836 (1967). This Court has stated that the standard to be used in eval-

uating the sufficiency of evidence presented at a preliminary hearing is:

"The state is not required to produce all of its evidence at a preliminary examination; if it produces enough to satisfy the committing magistrate that a crime has been committed and that there is reasonable or probable cause to believe the accused committed it, it is the duty of the magistrate to hold the accused for trial. The words *'reasonable or probable cause' mean such evidence as would lead a reasonable person to believe the accused party has probably or likely committed the offense charged."* (citations omitted; emphasis supplied)

Martinez v. State, 90 Idaho 229, 232, 409 P.2d 426, 427 (1965), *cited with approval in* Carey v. State, *supra.*

■ The decision of a magistrate that there exists probable cause to hold a defendant to answer before the district court should be overturned only on a clear showing that the committing magistrate abused his discretion. Carey v. State, *supra;* In re Levy, 8 Idaho 53, 66 P. 806 (1901).

In Redden v. State, 281 A.2d 490 (Del. 1971) the police searched the defendant's apartment pursuant to a warrant. There they found three envelopes containing about 12 oz. of marijuana, 29 small sealed packets containing marijuana, 84 empty packets, a manila envelope containing marijuana and 2 marijuana cigarettes. The defendant therein was convicted of possessing dangerous drugs with the intent to sell. The defendant appealed on the ground that the State had not presented evidence of his intent to sell. The court stated:

"It was, of course, incumbent upon the State to prove the element of intent to sell, as well as all other elements of the offense, by competent evidence sufficient to justify submission of the issue to the jury. *There was no direct evidence of the element of intent. The only evidence related to this facet of the case was circumstantial: the quantity of the drug found in the defendant's possession.*

There was no evidence of a sale or an attempted sale; or of a dollar value; or of the quantity of marijuana an average consumer may be reasonably expected to have in his home; or of the quantity this defendant in particular may reasonably have had in his home for personal consumption. Moreover, there is no statutory standard or guideline from which an inference or presumption of intent to sell may arise. A jury may not be permitted to speculate as to these determinative factors." (Emphasis supplied) 281 A.2d at p. 491.

A somewhat contrary case upon which the State relies heavily is State v. Layman, 22 Idaho 387, 125 P. 1042 (1912). In *Layman* the defendant was charged with the crime of maintaining a common nuisance where intoxicating liquors were sold. At the preliminary hearing the State presented evidence that 125 half pint bottles of whiskey were found in defendant's home. On appeal the court found that this constituted sufficient evidence to bind the defendant over for trial. The court took judicial notice that two or three half pint bottles of whiskey would have been sufficient to satisfy the defendant's own needs. The court apparently was persuaded that the liquor was in containers eminently suitable for resale.

To the extent that the court in *Layman* took judicial notice that the liquor appeared to be packaged for resale, we might reach a result contrary to Delaware on the facts of *Redden*.

■ In order to satisfy the reasonable man test set forth above either some evidence must have been adduced at the preliminary hearing to support the inference that defendant intended to deliver the substances, or this court must be able to take judicial notice of what constitutes reasonable quantities of drugs for personal uses. No evidence of any kind was presented at the preliminary hearing concerning the quantities the drug user might be expected to have for his own personal use. Unlike the court in *Layman,* this court is not

knowledgeable enough to be able to take judicial notice of what constitutes reasonable quantities of drugs for personal use.

The authorities that we have discovered provide no information as to any dosage of LSD which can be utilized by any one person. Too many ambiguous factors come into play, such as the quality of the drug, and the illegality of its manufacture. The minimum amount of cocaine hydrochloride involved herein is insufficient for us to conclude that said amount would usually be held for distribution to other persons. Likewise we are unable to indulge in any conclusion regarding the amphetamine sulfate since it is not described in pharmacological terms to enable us to determine dosage.

■ We turn now to the amount of marijuana discovered on the defendant's person or clothing, and whether such amount was more than that necessary for his personal use. Marihuana, A Signal of Misunderstanding; First Report of the National Commission on Marihuana and Drug Abuse (1972), Appendix I, pp. 28–30, appears to indicate that the amount found in defendant's possession in this case could be reasonably expected to furnish approximately 126, 0.5 gram marijuana cigarettes. The Commission's report likewise would appear to indicate that a heavy marijuana user could utilize 70 marijuana cigarettes per week. We emphasize that the authorities furnish little if any conclusive knowledge one way or the other on the amounts of marijuana suitable for personal consumption. Hence, it is crucial in a matter of this type that the State in its evidence furnish the lower court and this court with some purported evidence sufficient to reach a conclusion as to what amount of drugs may create a presumption of intent to deliver.

In the absence of any statutory presumption, without any other evidence to corroborate defendant's intent to deliver, and without sufficient knowledge upon which to base judicial notice, we have no alternative but to find that the magistrate in this

case abused his discretion in binding the defendant over for trial.

The district court's order dismissing the complaint against defendant is affirmed.

DONALDSON, C. J., and McQUADE, McFADDEN and BAKES, JJ., concur.