596 P.2d 802

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Adrian Lee POWERS, Defendant-Appellant.**

**No. 12635.**

Supreme Court of Idaho.

July 3, 1979.

Kenneth L. Anderson, Lewiston, for defendant-appellant.

David Leroy, Atty. Gen., Steven Parry, Deputy Atty. Gen., Boise, for plaintiff-respondent.

BAKES, Justice.

Defendant appellant Adrian Lee Powers brings this appeal from his conviction for delivery of marijuana, a controlled substance, in violation of I.C. § 37–2732(a)(1)(B). Powers asserts that the trial court erred in denying his motion for a new trial following the conviction and that the trial court abused its discretion in sentencing him to an indeterminate prison term not to exceed three years. We affirm.

Powers was found guilty following a jury trial of delivery of marijuana to two state narcotics agents. The state's case at trial consisted primarily of the testimony of its two agents, James Faddis and Richard Rohrbach. The agents both stated that Powers sold them a small quantity of marijuana at the Red Baron Tavern in Lewiston, Idaho, on December 17, 1976. Following his conviction, Powers moved for a new trial. His motion was supported by five affidavits made by various individuals acquainted with the defendant. Powers argues that had the evidence in these affidavits been made available to the jury at trial, the jury's view of the state's evidence against Powers would have been substantially and materially altered and would likely have produced an acquittal.

A motion for new trial based on newly discovered evidence must disclose

" '(1) that the evidence is newly discovered and was unknown to the defendant at the time of trial; (2) that the evidence is material, not merely cumulative or impeaching; (3) that it will probably produce an acquittal; and (4) that failure to learn of the evidence was due to no lack of diligence on the part of the defendant.' 2 C. Wright, Federal Practice and Procedure: Criminal § 557, at 515 (1969)." *State v. Drapeau*, 97 Idaho 685, 691, 551 P.2d 972, 978 (1976).

See I.C. § 19–2406 and I.C.R. 33. Only where there is an abuse of discretion by the

trial court will this Court reverse the district court's denial of a motion for new trial. *State v. McConville*, 82 Idaho 47, 349 P.2d 114 (1960).

■ The material contained in the affidavits presented to the district court in support of Powers' motion for a new trial does not offer any new evidence on the central issue of the defendant's guilt or innocence. Rather, Powers alleged in his motion for new trial that the evidence presented to the court by affidavit so seriously challenged the credibility of one of the state's investigative agents, Richard Rohrbach, that had the evidence been available at trial the jury would have in all probability rejected the testimony of Rohrbach and acquitted Powers. The substance of much of the evidence impeaching agent Rohrbach which is contained in four of the five affidavits was presented to the jury at trial. These affidavits are relevant only to a collateral issue, the credibility of the state's witness, and are largely cumulative of evidence which was presented at trial. The fifth affidavit was a statement by a witness not called at trial. It corroborates the trial testimony of Powers and his wife, who testified at trial with respect to the events occurring on the evening of Powers' alleged sale of the controlled substance to the state's agents. The evidence contained in this affidavit is also largely cumulative of evidence presented at trial. The trial court's denial of Powers' motion for a new trial under these circumstances was not an abuse of its discretion and was not error.

■ Defendant Powers next argues that the trial court abused its discretion in sentencing him to an indeterminate prison sentence not to exceed three years for the conviction.[1] Powers points out that the conviction was his first felony conviction, that no violence was associated with the crime, that he fully cooperated with the authorities at all times following his arrest, and that he is married and is firmly established in his community. He argues that

the denial of probation and imposition of a prison term was an abuse of the trial court's discretion.

The rule in Idaho is that absent an abuse of discretion, a trial court's determination that imprisonment rather than probation is the proper sentence will not be disturbed on appeal. *State v. Allen*, 98 Idaho 782, 572 P.2d 885 (1977); *State v. Cunningham*, 97 Idaho 650, 551 P.2d 605 (1976); *State v. Arambula*, 97 Idaho 627, 550 P.2d 130 (1976); I.C. § 19–2601. We have examined the record, including the presentence investigation report which was before the trial court at sentencing, and find that the district court did not abuse its discretion in imposing the indeterminate sentence of not more than three years in this case. Defendant Powers has had numerous brushes with the law prior to the arrest which led to this conviction, and although of a relatively minor nature, these give support to the trial court's decision to deny the defendant probation at the time of sentencing in this case. At oral argument in this case, defendant's counsel convincingly argued that Powers' law abiding conduct in the two years since his conviction indicates that he would be a good candidate for probation. However, our review of the trial court's sentencing decision is limited to the record brought before this Court on appeal. We will not reverse the trial court based on facts not in the record which occurred after the time the trial court made its sentencing decision.

Affirmed.

SHEPARD, C. J., and McFADDEN, DONALDSON and BISTLINE, JJ., concur.

---

1. The maximum penalty for the crime for which Powers was convicted is a five year imprisonment and a $15,000 fine. I.C. § 37–2732(a)(1)(B).