603 P.2d 569

STATE of Idaho, Plaintiff-Respondent,

v.

Adrian Lee POWERS,
Defendant-Appellant.

No. 12639.

Supreme Court of Idaho.

Nov. 26, 1979.

Leslie T. McCarthy, Lewiston, for defendant-appellant.

David H. Leroy, Atty. Gen., Lynn E. Thomas, Steven M. Parry, Deputy Attys. Gen., Boise, for plaintiff-respondent.

PER CURIAM:

A complaint was filed on January 17, 1977, which alleged that defendant-appellant Adrian Lee Powers sold a small quantity of amphetamine to an undercover agent on June 24, 1976. Powers was arrested the day after the complaint was filed and released on $1,000 bond.

At the preliminary hearing on January 31, 1977, Powers requested disqualification

of the magistrate in an affidavit of prejudice. The request was denied as untimely filed under I.R.C.P. 40(d)(1). Undercover agent Richard Rohrbach, and his Bureau of Narcotics Supervisor, Terrence Perkins, testified for the State, and Powers was bound over to the district court for trial.

The case was set for trial on February 25, 1977, and on March 4, 1977 the prosecutor moved to have the district judge disqualified, pursuant to I.R.C.P. 40(d)(1), and the motion was granted. Trial to a jury before another district judge was had on May 6 and 7, 1977, with Rohrbach and Perkins again establishing the bulk of the state's case. Powers was found guilty, and on May 17, 1977, was sentenced to 5 years imprisonment, the sentence to run concurrently with a 3 year sentence which had been imposed on May 8, 1977, in a separate action. *See State v. Powers,* 100 Idaho 290, 596 P.2d 802 (1979). *Powers* thereafter filed a timely notice of appeal.

 Powers first directs our attention to the six month delay between the occurrence of the alleged sale and the filing of the complaint in this action, alleging that this delay abridged his right to a speedy trial. This argument is without merit. Under both the Idaho Constitution and statutes, *Olson v. State,* 92 Idaho 873, 452 P.2d 764 (1969); *Jacobson v. Winter,* 91 Idaho 11, 415 P.2d 297 (1966), and under the sixth amendment to the United States Constitution, *U. S. v. Marion,* 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971), the guarantee of a speedy trial does not extend to the period prior to arrest.

It is true, however, that the defendant is protected by the fifth amendment to the United States Constitution during the period prior to accusation. The United States Supreme Court, in *Marion, supra,* intimated that under certain circumstances preaccusation delay might result in "actual prejudice" to the defendant which could give rise to a due process claim under the fifth amendment. 404 U.S. at 325–6, 92 S.Ct. at 466, 30 L.Ed.2d at 481–2. Appellant urges that he has in fact suffered "actual prejudice": first, because he was not on notice to

preserve evidence and recollections, and his memory faded, and second, because had he been promptly charged in this case he would not have been involved in the sale of marijuana which is the subject of *State v. Powers,* 100 Idaho 290, 596 P.2d 802 (1979).

Appellant's claims are put to rest by the United States Supreme Court's recent elaboration on the "actual prejudice" language of *Marion* in *United States v. Lovasco,* 431 U.S. 783, 97 S.Ct. 2044, 52 L.Ed.2d 752 (1977) *reh. den.* 434 U.S. 881, 98 S.Ct. 242, 54 L.Ed.2d 164 (1977). In *Lovasco* a delay of more than eighteen months led to the death of two material defense witnesses to the prejudice of Lovasco's case. Stating that "no one's interests would be well served by compelling prosecutors to initiate prosecutions as soon as they are legally entitled to," 431 U.S. at 792, 97 S.Ct. at 2050, 52 L.Ed.2d at 760 (citation omitted), the Court held that absent an impermissible purpose behind the delay, no reversal was mandated. The Court noted the policy considerations which favor the exercise of discretion by the prosecutor in these circumstances and left the delineation of particular impermissible purposes which would require reversal to lower courts and later cases.

Appellant has offered no evidence to show that the prosecutor's delay in filing the complaint in this case was motivated by an impermissible objective, even assuming that there was actual prejudice of a nature sufficient to justify reversal if he had. We therefore decline to reverse on this ground.

 Appellant next claims that the magistrate erred in allowing the undercover narcotics agent Rohrbach to refresh his memory from a copy of a report dictated by him, to which certain material had been added. We see no clear showing of an abuse of discretion in such a procedure, and therefore do not disturb the magistrate's probable cause conclusion. *State v. O'Mealey,* 95 Idaho 202, 506 P.2d 99 (1973); *Carey v. State,* 91 Idaho 706, 429 P.2d 836 (1967).

 Appellant also claims prejudice in the granting of the state's 40(d)(1) motion

to disqualify the first trial judge assigned to hear the case, while the defendant's motion to disqualify the magistrate was denied as untimely filed. Defendant's motion, filed at the preliminary hearing itself, was clearly untimely. At the district court level, however, because a Saturday and Sunday intervened in the seven days between trial setting and the State's motion to disqualify, it was timely. I.C.R. 25(a); I.R.C.P. 40(d)(1); I.R.C.P. 6(a). We see no error.

■ Finally appellant claims an abuse of discretion in his sentence of five years' imprisonment, to run concurrently with a three-year sentence on another charge. Essentially, then, appellant's sentence on this charge is two years' imprisonment. The maximum term authorized for this offense is life imprisonment and a $25,000 fine. I.C. § 37-2732(a)(1)(A). Particularly in view of the presentence investigation report's observation that defendant had previously abused the terms of a parole arrangement we see no clear abuse of discretion in a two-year sentence. *State v. Cotton,* 100 Idaho 573, 602 P.2d 71 (1979); *State v. Seifart,* 100 Idaho 321, 597 P.2d 44 (1979); *State v. Chapa,* 98 Idaho 54, 558 P.2d 83 (1976).

■ Nor do we see error in the sentencing judge's use of the presentence investigation report prepared in connection with Powers' earlier sentencing in his conviction for the sale of marijuana, which occurred nine days before the sentencing in this case. The use of a presentence investigation report by the sentencing judge is discretionary. I.C.R. 37(a). Absent a showing of some material change in defendant's circumstances in the nine-day interim it was not error to reuse the same report. The judgment of conviction and sentence is affirmed.

1. Appeal No. 12635 heard in May was filed in this Court on May 31, 1977. Appeal No. 12639, this case, was filed on June 1, 1977.

2. The objection, which we should have overruled out of hand, was simply a conclusionary statement that there was a diversity of issues in the two cases, and possible prejudice to Powers.

BISTLINE, Justice, specially concurring.

Taking this case on an individual basis, I concur in the Court's opinion that no error was committed in the court below. That opinion, however, refers to a companion case involving the same defendant, *State v. Powers,* 100 Idaho 290, 596 P.2d 802 (1979), in which we heard oral argument at Lewiston in May of this same year.

The State had earlier moved that the two appeals be consolidated for argument.[1] We denied the motion on an objection raised by counsel for Powers.[2] It appears all too clearly now that the State's motion should have been granted, and the two appeals heard at the same time.

The appeal heard in May involved the sale of a small quantity of marijuana; this appeal involves the sale of a small quantity[3] of an amphetamine. The sales both took place three years ago in 1976, the marijuana being sold in one county, the amphetamine in another; both sales were made to State undercover agents.

While both appeals were pending Powers was at liberty under rather heavy bond, $25,000 in each case, paying an annual premium of $5,000. In January of 1979, on Powers' application we reduced the bond on each appeal to $10,000. Powers made a showing which included proof that since the convictions he had materially changed his life style, having married, had one child, expecting another, and having become steadily employed in helicopter logging (with a goodly share of his income being diverted to repay those who had advanced the premiums for his bail bonds).

As Justice Bakes wrote in affirming on the first appeal, 100 Idaho at 292, 596 P.2d at 804, Powers' "counsel[4] convincingly argued that Powers' law abiding conduct in

3. Counsel at oral argument asserted that the quantity was so miniscule that after the State tested it, not enough remained for a second test by the defense.

4. Mr. Kenneth Anderson on that appeal.

the two years since his conviction indicates that he would be a good candidate for probation." His counsel argued primarily the facts presented to this Court in seeking the bond reduction, which also included a "fine" of approximately $10,000 in bond premiums, plus counsel's own strong personal recommendation of and faith in the new Powers. But, as Justice Bakes then wrote, matters taking place after the sentencing could not be considered on appellate review of the sentence imposed.

The argument on the first appeal was not only convincing, but eloquently presented. The thought occurred to me then, and I voice it now with this second appeal now disposed of, that there is a shortcoming in our criminal appeal procedures, that is, it seems inherently wrong that a defendant can be out on bond for two years, as in this case, waiting for his appeals to be heard, and, notwithstanding a complete turnabout for the better, be hustled off to prison to serve his terms without any opportunity for establishing that he no longer is in need of a penitentiary sentence. As Justice Bakes pointed out, counsel's convincing argument before this Court was well received, but could be of no avail here for reasons stated.

All of which brings me to suggest that the legislature consider an amendment to I.C. § 19–2601(4) which would confer jurisdiction upon a district court to reconsider the imposed sentence where the appeal has not been heard and disposed of within one year. A defendant so situated should have such a right, and here there was good reason to believe that the eloquence and sincerity of Powers' counsel on the first appeal, with proper substantiation of the facts, very well might have caused the district court to see no benefit to society or to Powers in putting Powers in prison as against utilizing the procedures already made available by the legislature in I.C. § 19–2601.

I am further brought to remark that these two cases alone, and there have been others, present the Court with sufficient grounds for devising a summary appellate procedure whereby the original district court record can forthwith be transmitted to this Court, and appeals disposed of entirely on oral argument alone—perhaps with 14 days prefiling of issues to be presented and statement of authorities relied upon. Such appeals should be disposed of within 30 days after the entry of the district court judgment. Similar procedures obtained in other jurisdictions.

Had Powers' activities been confined to one county, resulting in one information with two counts, or, had there been a consolidated appeal, it seems likely to me that in district court he might have received only the three years on each, concurrently, which was meted out to him on the first conviction, or, on appeal, that such might have been done here by modification. All considered, a three-year sentence for his total activity would have been more than sufficient. Being unable, however, to fault the rationale of a majority of the Court, in this appeal individually taken and pursued, I reluctantly concur, my hesitance being occasioned by the peculiar circumstances of these two cases.