618 P.2d 772

The STATE of Idaho,
Plaintiff–Respondent,

v.

Stanley JENSEN, Defendant–Appellant.

No. 13324.

Supreme Court of Idaho.

Oct. 21, 1980.

R. Scott Pasley, Caldwell, Alan J. Coffel, Homedale, for defendant–appellant.

David H. Leroy, Atty. Gen., John E. Sutton, Deputy Atty. Gen., Boise, for plaintiff–respondent.

BAKES, Justice.

Defendant appellant Stanley Jensen and his brother Richard were convicted, upon their pleas of guilty, of burglarizing a firearms supply store in Nampa, Idaho. The defendants were apprehended at the store with a number of pistols, rifles, a shotgun and other items. The district court sentenced Stanley Jensen to a determinate term of three years, and his brother Richard to a determinate term of four years. Both defendants appealed their sentences. Richard's appeal was dismissed by stipulation.

Defendant Stanley Jensen raises three issues on appeal. First, he argues that the sentence imposed was excessive. However, in view of the defendant's prior criminal record, which included two prior burglaries, the trial court did not abuse its discretion in sentencing the defendant to a three–year determinate sentence. *See, e. g., State v. Chapa*, 98 Idaho 54, 558 P.2d 83 (1976).

The defendant further argues that the presentence investigation was inadequate. However, the presentence report sufficiently complied with I.C.R. 37 (amended and renumbered effective July 1, 1980, as I.C.R. 32), and thus that assignment of error is without merit. The record also reflects that defendant failed to make a timely objection below to the presentence report. See *State v. Wallace*, 98 Idaho 318, 563 P.2d 42 (1977).

Finally, the defendant argues that the sentencing court improperly considered matters not formally before it at the time of sentencing. We have reviewed the trial court's statements to the defendant at the time of sentencing, upon which the defendant relies for error, and conclude that no reversible error occurred at the sentencing.

Judgment affirmed.

DONALDSON, C. J., and SHEPARD, McFADDEN and BISTLINE, JJ., concur.

BISTLINE, Justice, concurring specially.

While I am in agreement with the Court's opinion, and concur therein, at the same time I believe that the defendant's sentence might have been different had he not been proceeded against in the company of his

brother Richard, with both pleading guilty at the same time and both being sentenced at the same time. As the Court's opinion points out, defendant's record did include two previous felonies, but it may be of some moment that both were nonviolent crimes taking place at an early age, since which time defendant had for the most part maintained steady employment, and had no subsequent brushes with the law until he allowed his brother to involve him in the ill–starred burglary leading to his arrest.

At oral argument it was pointed out that defendant has conducted himself commendably under confinement, and had been placed on a work release program. As was stated in *State v. Powers*, 100 Idaho 290, 292, 596 P.2d 802, 804 (1979), after taking note in that case at oral argument of that defendant's claim of law abiding conduct in the two years since conviction, "our review of the trial court's sentencing decision is limited to the record brought before this Court on appeal." On the remittitur going down defendant is at liberty to pursue the provisions of Rule 35, I.C.R., and he may properly at that stage move the district court to reconsider his sentence, independent of any adverse effect of his brother's company.