504 P.2d 810

Michael T. HAYES, Plaintiff,

v.

Lewis GARDNER, Defendant.

No. 11169.

Supreme Court of Idaho.

Dec. 29, 1972.

Wm. F. Boyd, of Brown, Peacock, Keane & Boyd, Kellogg, for plaintiff.

W. Anthony Park, Atty. Gen., J. Dennis (J. D.) Williams, Deputy Atty. Gen., James G. Reid, Asst. Atty. Gen., Boise, for defendant.

DONALDSON, Justice.

This habeas corpus proceeding was initiated in this Court by the petitioner, Michael T. Hayes, against the defendant, Lewis Gardner, Sheriff of Shoshone County, to challenge an order of the District Court of the First Judicial District, deny-- ing his request for a hearing before a magistrate on the question of whether he should be treated as a juvenile rather than as an adult. A writ of habeas corpus was issued by this Court, and a return to the writ was made by the defendant Sheriff.

On July 13, 1972, when the petitioner was seventeen years of age, a criminal complaint charging him with first degree murder was filed in district court. The petitioner was also seventeen at the time the offense charged to him was committed.

In early August, 1972, a preliminary hearing was held before a magistrate. The petitioner moved the magistrate to retain jurisdiction and to proceed under the pro-

visions of the Youth Rehabilitation Act (hereinafter referred to as Y.R.A.). The magistrate denied this motion and ordered the petitioner bound over to district court. On August 16, 1972, the state filed in district court an information charging the petitioner with first degree murder.

On August 31, 1972, the petitioner moved the district court to remand his case to the magistrate's division because he had not been afforded a hearing on the issue of whether treatment as a juvenile should be waived. The court denied this motion, concluding that insofar as the relevant statutes purported to deprive the district court of jurisdiction over minors who have committed felonies, they were in violation of article 5, section 20 of the Idaho Constitution, which provides: "The district court shall have original jurisdiction in all cases, both at law and in equity * * *." This proceeding was brought to challenge the district court's ruling.

The petitioner takes the position that the magistrate's division of the district court had exclusive Y.R.A. jurisdiction over him, which had to be waived before he could be held for criminal proceedings (i. e., as an adult). He also argues that it would be illogical to give the prosecutor unfettered discretion to decide whether to treat a child as a juvenile rather than as an adult when State v. Gibbs, 94 Idaho 908, 500 P. 2d 209 (1972), makes the decision on that issue subject to a full investigation and hearing, and further subject to the definite criteria set out in the *Gibbs* opinion. The district court expressed the view that *Gibbs* was not controlling because in that case the prosecution was initiated by a petition filed under the Y.R.A. and not by a criminal complaint in district court.

This case presents two issues: (1) Does the magistrate's division of the district court have exclusive jurisdiction to deal with cases which are within the purview of the Y.R.A. and (2) must a full investigation and hearing be conducted before a child may be held for criminal proceedings (rather than for juvenile proceedings)?

We conclude that the district court, as well as the magistrate's division thereof, may hear cases within the Y.R.A.; but regardless of the forum in which such proceedings are commenced, a full investigation and hearing must be conducted by the court before a child may be treated as an adult instead of as a juvenile.

I.

Section 16–1803(1)(b) of the Idaho Code provides:

"Except as otherwise provided herein and subject to the prior jurisdiction of a United States court, *the court* shall have exclusive jurisdiction in proceedings:

1. Concerning any child living or found within the county:

\* \* \* \* \* \*

b. who has violated any federal, state or local law or municipal ordinance, regardless of where the violation occurred, excepting violations of regulations and ordinances pertaining to the operation of motor vehicles unless in violations of sub-sections (c) and (d) hereof." Emphasis added.

When used in I.C. § 16–1803(1)(b), "child" means a person less than eighteen years of age. I.C. § 16–1802(c). Although "the court" is defined as the probate court (I.C. § 16–1802(a)), I.C. § 1–103 now provides that wherever the term "probate court" appears in the Idaho Code, it shall mean "the district court or the magistrate's division of the district court, as the case may be." Therefore, I.C. § 16–1803(1)(b) (set out above), when read in conjunction with I.C. §§ 1–103 and 16–1802(a), provides that the district court *or* the magistrate's division thereof has exclusive Y.R.A. jurisdiction in proceedings concerning a child who has committed a felony.

■ Hence, insofar as the Y.R.A. regulates the matter, the district court, as well as the magistrate's division thereof, may hear cases falling within the purview of the Y.R.A. Moreover, under current procedural rules and statutory provisions, magistrates may hear Y.R.A. proceedings

only when assignable cases have been assigned to them by the senior district judge. *See* I.C. § 1–2208(4); Rule 24, Rules of the Supreme Court for the Magistrate's Division of the District Court and the District Court.

## II.

The petitioner contends that he was entitled to a full investigation and hearing before he could be held for criminal proceedings. His position is supported by this Court's recent decision in *Gibbs, supra.*

When read in conjunction with I.C. §§ 1–103 and 16–1802(a), I.C. § 16–1806(1)(a) states:

"1. The [district court, or the magistrate's division of the district court,] may waive jurisdiction and order a child held for criminal proceedings after full investigation and hearing when:

a. a child sixteen (16) years of age or over is alleged to have committed an act prior to having become eighteen (18) which would be a felony if committed by an adult * * *."

This section provides that such a child may be held for "criminal proceedings"—i. e., for prosecution as an adult rather than for proceedings as a juvenile under the Y.R.A. —only after a "full investigation and hearing." And that investigation and hearing is required to comport with certain criteria set forth in *Gibbs.*

■ Here, no investigation or hearing of any kind was conducted; no *judicial* discretion was exercised on the issue of whether the petitioner should be treated as an adult or as a juvenile. This result completely circumvents the protections recently set forth in *Gibbs.* Much of the language used there is instructive:

"[T]he waiver decision rests entirely in the discretion of the magistrate [not in the discretion of the prosecutor]." *Id.* at 915, 500 P.2d at 216.

"Under prior statutes, the certification of all such cases for criminal proceedings, where the offense would be a felony if committed by an adult, was automatic. * * * [T]he 1955 Act and I. C. § 16–1806 authorize the juvenile court to expand its jurisdiction, by including felony cases selected in the exercise of judicial discretion." *Id.* at 915, n. 29, 500 P.2d at 216.

"The most important [statutory *right* of the juvenile] is that to *treatment as a juvenile rather than as an adult*." *Id.* at 914, 500 P.2d at 215 (emphasis added).

"This difference in possible dispositions reveals that [the decision to waive jurisdiction under the Y.R.A. is] 'critically important' in the sense denoted by the [U.S.] Supreme Court." *Id.*

A juvenile's right to a *full* investigation and a *fair* hearing cannot be avoided by having none at all.

■ The defendant argues, in essence, that where, as in this case, the prosecution commences *criminal proceedings* against a child—thereby treating him as an adult—no Y.R.A. jurisdiction has been invoked and, therefore, no waiver of such jurisdiction is necessary. The defendant's reliance upon I.C. § 16–1804 [1] is misplaced. All this section means, by its reference to I.C. § 16–

---

1. "16–1804. *Transfer from other courts.*— If during the pendency of a criminal or quasi-criminal charge against any minor in any other court, it shall be ascertained that the child was under the age of eighteen (18) years at the time of committing the alleged offense, except where such child has left the state, or where said charge is that such child is a juvenile traffic violator, or is within the purview of § 16–1806(1)(a) or (1)(b) of this act it shall be the duty of such court forthwith to transfer the case, together with all the papers, documents and testimony connected therewith, to the court. The magistrate, justice of the peace or district court making such transfer shall order the child to be taken forthwith to the court or place of detention designated by the court or shall release such child to the custody of some suitable person to be brought before the court at a time designated. The court shall then proceed as provided in this act."

1806(1)(a) and (1)(b), is that criminal proceedings may go on, even though the defendant was less than eighteen at the time the offense was allegedly committed by him, where Y.R.A. jurisdiction has already been waived pursuant to I.C. § 16–1806(1). The position taken by the defendant amounts to an undesirable attempt to circumvent the procedural safeguards delineated in *Gibbs*. Moreover, as a matter of law, the defendant's argument is conclusively refuted by I.C. § 18–216, which provides:

> *"Criminal Trial of Juveniles Barred— Exceptions—Jurisdictional Hearing— Transfer of Defendant to District Court.* —(1) A person shall not be tried for or convicted of an offense if:
>
> (a) at the time of the conduct charged to constitute the offense he was less than fourteen (14) years of age; or
>
> (b) at the time of the conduct charged to constitute the offense he was not less than fourteen (14) nor more than seventeen (17) years of age [i. e., he was not less than fourteen but less than eighteen], unless:
>
> 1. a court of this state has no jurisdiction over him pursuant to chapter 18, title 16, Idaho Code [see I.C. § 16–1803], or
>
> 2. the court having jurisdiction pursuant to chapter 18, title 16, Idaho Code, has entered an order waiving jurisdiction and consenting to the institution of criminal proceedings against him [see I.C. § 16–1806(1) (a)].
>
> (2) No court shall have jurisdiction to try or convict a person of an offense if criminal proceedings against him are barred by subsection (1) of this section. When it appears that a person charged with the commission of an offense may be of such an age that criminal proceedings may be barred under subsection (1) of this section, the court shall hold a hearing thereon, and the burden shall be on the prosecution to establish to the satisfaction of the court that the criminal proceeding is not barred upon such grounds. If the court determines that the proceeding is barred, custody of the person charged shall be surrendered to the court having jurisdiction pursuant to chapter 18, title 16, Idaho Code, and the case, including all papers and processes relating thereto, shall be transferred." S.L.1972, ch. 381, Sec. 4, pp. 1104–1105.

At the time of the alleged offense, the petitioner was seventeen years of age. Under I.C. § 18–216(1)(b), criminal proceedings against him are barred because (1) Y.R.A. jurisdiction lies pursuant to I.C. § 16–1803(1)(b), and (2) the court having Y.R.A. jurisdiction (i. e., the district court or the magistrate's division thereof) as yet has neither conducted a hearing nor entered an order based thereon waiving jurisdiction and consenting to the institution of criminal proceedings against the petitioner.

■■ If this Court were to accept the defendant's argument, the prosecutor—and not a judge or a magistrate—would decide whether a youthful offender should be treated as an adult (i. e., prosecuted in a criminal proceeding) or as a juvenile (i. e., processed under the provisions of the Y.R. A.). The legislative intent that this decision should be a judicial one, made after a full investigation and hearing, is readily apparent. I.C. § 16–1806(1); *see* State v. Gibbs, *supra*. Any remaining doubt is extinguished by considering I.C. § 16–1803(1), which provides for exclusive Y.R.A. jurisdiction in proceedings concerning any child who has engaged in conduct falling within various enumerated categories.[2]

---

2. Subsection one of I.C. § 16–1803 provides for exclusive Y.R.A. jurisdiction in proceedings:

"1. Concerning any child living or found within the county:

a. who wanders the streets in the nighttime without being on any lawful business or occupation ˎor who is an habitual truant from school; or

b. who has violated any federal, state or local law or municipal ordinance, regardless of where the violation occurred, excepting violations of regulations and ordinances pertaining to the operation of

Subdivision "d" of section 16–1803(1) states that "the prosecuting attorney of any county *may* bring under the provisions of this act [the Y.R.A.] any juvenile violating a statute or local law pertaining to drunken driving or reckless driving." (Emphasis added.) The inference left by this subsection is that in the case of drunken or reckless driving by a child, the prosecutor does have discretion to initiate criminal proceedings against the youth. It is significant, however, that none of the other subdivisions in section 16–1803(1) contain such a proviso. Since the prosecutor is expressly granted discretion only in the cases named in subdivision "d," the implication is that in the other cases enumerated the prosecutor must proceed under the provisions of the Y.R.A. Stockton Savings & Loan Bank v. Massanet, 18 Cal.2d 200, 114 P.2d 592, 595 (Cal.1941); Highland Sales Corp. v. Vance, 244 Ind. 20, 186 N.E.2d 682, 685 (1962); Cannon v. Towner, 188 Misc. 955, 70 N.Y.S.2d 303, 312 (1947); 82 C.J.S. Statutes § 333 (1953); *see* Poston v. Hollar, 64 Idaho 322, 132 P.2d 142 (1942); Peck v. State, 63 Idaho 375, 120 P.2d 820 (1941); *cf.* Noble v. Glenns Ferry Bank, Ltd., 91 Idaho 364, 421 P.2d 444 (1966). We note in passing, moreover, that even in the absence of statutory provision therefor, the procedural safeguards applicable to judicial "waiver" decisions may be equally pertinent to prosecutorial decisions to treat a youthful offender as an adult. Cox v. United States, 473 F.2d 344 (4th Cir. 1972); United States v. Bland, 472 F.2d 1329 (D.C.Cir.1972) (Wright, J., dissenting).

It is hereby ordered that the defendant discharge the petitioner from custody unless, within thirty days following receipt of this opinion, a proceeding is commenced against the petitioner by the filing of a petition under the Youth Rehabilitation Act. If such a petition is filed, the district court or the magistrate's division thereof may waive Y.R.A. jurisdiction and order the petitioner held for criminal proceedings only after conducting a full investigation and hearing. I.C. § 16–1806(1)(a). *See generally* State v. Gibbs, *supra.*

McQUADE, C. J., and McFADDEN, SHEPARD, and BAKES, JJ., concur.

c. who operates a motor vehicle during such time as his permit or license shall have been suspended or revoked; or

    d. who shall have been convicted for the third time of violating any state or local law in this state pertaining to the operation of a motor vehicle, provided, however, that the prosecuting attorney of any county may bring under the provisions of this act any juvenile violating a statute or local law pertaining to drunken driving or reckless driving."