539 P.2d 553

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Duane Warren HAWK, Defendant-Appellant.**

No. 11696.

Supreme Court of Idaho.

Aug. 5, 1975.

Rehearing Denied Sept. 4, 1975.

Larry M. Boyle, of Hansen & Boyle, Idaho Falls, for defendant-appellant.

Wayne Kidwell, Atty. Gen., James W. Blaine, Deputy Atty. Gen., Boise, for plaintiff-respondent.

McFADDEN, Justice.

Duane Warren Hawk, the defendant-appellant, pleaded guilty to the crime of forcible rape. The trial court committed him to the custody of the State Board of Corrections for a term not to exceed twenty-five years. The defendant appeals from the judgment and sentence.

The State moved to dismiss this appeal as not being timely filed. The record discloses that the sentencing hearing was conducted by the trial court on May 10, 1974, and that a written judgment and commitment was signed by the trial judge. However, the records of the clerk's office disclose that this judgment was not filed until May 16, 1974.

After appellant · was committed to the state penitentiary, he wrote his appointed

counsel requesting that an appeal be filed. This letter was received by his counsel on June 11, 1974, and on the same day his counsel filed the notice of appeal on appellant's behalf. Thus, more than thirty days had elapsed since the judgment was announced, and apparently signed, but less than thirty days had elapsed between the time the executed judgment was filed in Jefferson County and the filing of the notice of appeal.

The State contends that I.C. § 19-2805, which provides "[A]n appeal from a judgment must be taken within thirty (30) days after its *rendition* * * *" requires dismissal. The State argues that the judgment was "rendered" at the time the trial court announced its decision in open court finding the defendant guilty and imposing a twenty-five year sentence. The State also submits the following authority that "rendition of judgment" and "entry of judgment" are two distinct acts, the former being the act of the court, while the latter is the act of the clerk of the court. *McCown v. Quillin,* 344 S.W.2d 576, (Tenn. App.1960). *Raymond v. Raymond,* 284 A. 2d 64 (R.I.1971); *Beetchenow v. Bartholet,* 298 P. 335 (Wash.1931).

The appellant, however, contends that the time for appeal begins to run from the date that the judgment is entered by the clerk of the court, citing *Durant v. Comegys,* 3 Idaho 67, 26 P. 755 (1891). Appellant also points to the case of *State v. Golden,* 67 Idaho 497, 186 P.2d 485 (1947), where this court stated:

"Chapter 12, Sess.Laws 1937, amending sec. 19-2705, I.C.A., provides an appeal from a judgment in a criminal case must be taken within 30 days after its rendition. *The judgment herein was entered December 23, 1946; the appeal was taken April 12, 1947.* The appeal from the judgment not being taken within the time fixed by statute, is not here for consideration." (Emphasis added.) 67 Idaho at 500, 186 P.2d 485.

Examination of records in other criminal appeals to this court reflect that normally a judgment is rendered and entered on the same date. No explanation appears in this record as to why there is a discrepancy between the time of pronouncement of the judgment by the trial court in open court, and the time of the filing of the executed judgment with the clerk of the court. Unless a judgment in a criminal case is made a matter of record by being filed with the clerk, a defendant in a criminal case is left in an impossible situation. Inadvertence on the part of a court official by failing to file such a judgment could easily mislead a defendant or his counsel to the point where an opportunity to appeal would be lost. It is the conclusion of this court that the time for appeal as provided by I.C. § 19-2805 starts to run from the time that the judgment is signed by the court and filed of record with the clerk and this appeal was timely filed. The motion to dismiss is denied.

The defendant initially was charged in Madison County with the crime of second degree kidnapping and with assault to commit a felony. He was also charged in Jefferson County with the crime of forcible rape. Following preliminary examinations in the respective counties, an information was filed in Jefferson County, charging the defendant with the crime of forcible rape, to which charge he pleaded guilty on the understanding the other charges in Madison County would be dismissed, which was done.

After receiving appellant's plea of guilty and before sentencing, the trial court ordered a pre-sentence investigation. After receipt of the pre-sentence report, the trial court conducted a sentencing hearing at which the pre-sentence investigator gave an oral statement, and counsel for the appellant and the prosecuting attorney each presented their views concerning sentence. The trial court then found the appellant guilty of the crime of forcible rape and ordered that he be committed to the Idaho

State Board of Corrections for a period of not to exceed twenty-five years. This appeal followed.

Appellant makes two assignments of error. The first is directed to the length of the sentence imposed. By his second assignment of error appellant claims that the psychological evaluation contained in the pre-sentence report was inadequate and deprived the court of the necessary psychological evaluations and insights essential to pronouncing an appropriate sentence.

■ As concerns the second assignment of error, we find no error in this regard. The acts out of which this charge arose took place on January 27, 1974. Preliminary examinations were held on the charges arising in both Madison County and Jefferson County on February 13, 1974. Sometime thereafter and before the information in this case was filed on March 15, 1974, the appellant went to State Hospital South for psychiatric evaluation. The pre-sentence report, dated May 6, 1974, discloses that appellant was examined by a staff psychiatrist while at State Hospital South; the report also reflects that an electroencephalogram was performed on March 6, 1974, by a physician at Idaho Falls, and on March 5, 1974, he was given a psychological examination by a clinical assistant at State Hospital South. Whether these reports other than what were contained in the presentence report were made available to the trial court, or to the state or appellant is not disclosed by this record.

■ If appellant, at the time of the sentencing hearing, believed the information contained in the reports of these examinations would be of assistance to him or to the court and he had not had an opportunity to examine these reports, these facts should have been brought to the attention of the trial court. That is the very purpose of the sentencing hearing held by the trial court.

As concerns the first assignment of error, the statute, I.C. § 18–6104, provides:

"Rape is punishable by imprisonment in the state prison for not less than one year, and the imprisonment may be extended to life in the discretion of the District Judge, who shall pass sentence."

The sentence imposed by the district judge was within these statutory limits. However, appellant contends that it is excessive, and a brief resume of the facts is essential for comprehension of the import of this assignment of error. Appellant at the time of the offense was 24 years of age. On Sunday evening of January 27, 1974, at Rexburg, Madison County, appellant approached a young lady returning from a church service, and forced her to get into a car being driven by appellant's younger brother. These two men then drove her to Roberts, in Jefferson County. They forced her out of the car, and made her go into a hotel room while the appellant attempted to commit rape. The record is unclear whether appellant successfully accomplished an act of rape. After this attempt his younger brother then did complete an act of rape. Appellant, however, was present and assisted his younger brother to accomplish the act of rape.

The pre-sentence report indicates that appellant's younger brother had recently been charged with and convicted of another rape charge, and at the time of the presentence report was then serving sentences for forcible rape and burglary. The report also indicates that appellant was susceptible to the influence of his younger brother. During the course of the evening's events, appellant contends that on a couple of occasions he kept his younger brother from inflicting other indignities upon this young woman, and also at his urging did prevail in having the girl released from the car near to her residence, without further harm.

The pre-sentence report also reflects that the appellant was 24 years of age; that prior to this occurrence he had no previous felony record; that he served two years in the Marine Corps and was honorably dis-

**4**

charged; that he came from a very unsettled home environment, and that his overall IQ was 81 on the Wechsler Adult Intelligence Scale, and "appears to be of a 'Dull Normal' intelligence range."

The question for this court to resolve is simply whether the trial court abused its discretion in committing appellant for a term of twenty-five years. This court has repeatedly stated that the length of sentences are within the discretion of the trial court and ordinarily there is no abuse of discretion when sentences are within their statutory limits. *State v. Standlee*, 96 Idaho 165, 525 P.2d 360 (1974); *State v. Mooneyham*, 96 Idaho 145, 525 P.2d 340 (1974); *State v. Cornwall*, 95 Idaho 680, 518 P.2d 863 (1974); *State v. Trowbridge*, 95 Idaho 640, 516 P.2d 362 (1973); *King v. State*, 91 Idaho 97, 416 P.2d 44 (1966). However, when this court has found that there has been an abuse of discretion in sentencing, it has not hesitated to exercise its power to review in that regard to reduce the sentences imposed. See, *State v. Nell*, 13 Idaho 539, 90 P. 860 (1907), where this court held that a ten-year sentence for assault to commit rape was excessive, and remanded the case for imposition of a two-year sentence; *State v. Linebarger*, 71 Idaho 255, 232 P.2d 669 (1951), where this court found there were no aggravating circumstances and held imposition of a twenty-year sentence under the facts there to be an abuse of discretion and reduced the sentence to not exceed five years; *State v. Weise*, 75 Idaho 404, 273 P.2d 97 (1954), where this court held the maximum term of imprisonment and fine for involuntary manslaughter was excessive, finding an abuse of discretion in imposing the fine, which was remitted; *State v. Ledbetter,* 83 Idaho 451, 364 P.2d 171 (1961), where this court in a case involving lewd and lascivious conduct with a 14 year old girl held a thirty-year sentence to be extreme and reduced it to fifteen years.

It is the conclusion of the court that in the instant case there was no abuse of discretion in imposing this severe sentence. I.C. § 18–6104 provides that the maximum penalty for the crime of rape may be imprisonment for life. The sentence in this case was within the statutory limits, and under the facts of this case this court cannot say the trial court abused its discretion in imposing the sentence. *State v. Standlee*, 96 Idaho 165, 525 P.2d 360 (1974); *State v. Mooneyham*, 96 Idaho 145, 525 P.2d 340 (1974).

The judgment of the trial court is affirmed.

McQUADE, C. J., and DONALDSON, SHEPARD and BAKES, JJ., concur.