544 P.2d 1145

**Guy Junior STILL, Movant-Appellant,**

**v.**

**STATE of Idaho, Respondent.**

**No. 11957.**

Supreme Court of Idaho.

Jan. 21, 1976.

Jim R. Doolittle of Brauner, Fuller, Doolittle & Radke, Caldwell, for movant-appellant.

Wayne L. Kidwell, Atty. Gen., James W. Blaine, Deputy Atty. Gen., Boise, for respondent.

SHEPARD, Justice.

This is an appeal from a denial of an evidentiary hearing upon an application under the Uniform Post-Conviction Relief Act and a later dismissal of that application. I.C. § 19–4901 et seq. We affirm.

In 1967 appellant was arrested and charged with two counts of first degree murder. At a preliminary hearing one Opal Gray (Still), who appellant asserts might have been his common law wife, testified at length and without objection. Thereafter appellant changed his plea to guilty to both counts of first degree murder and was sentenced to two consecutive terms of life imprisonment. See *Still v. State,* 95 Idaho 766, 519 P.2d 435 (1974).

Appellant's principal argument as a basis for relief is: at all relevant times a common law marriage existed between he and Gray; the marital privileges permitted by I.C. § 9–203(1) apply to any evidence Gray could have proffered at any proceeding; appellant was neither told nor aware of the existence of that privilege; his attorneys had the duty to determine whether that privilege in fact applied and they failed to do so; such failure by his attorneys rendered their assistance inadequate and he would not have pleaded guilty but for that inadequate assistance; therefore, his guilty plea was involuntary and should be voided.

The trial court herein examined the entire prior record of the proceedings and upon motion dismissed the application for post-conviction relief pursuant to I.C. § 19–4906(b) on the basis that the court was satisfied "that the applicant is not entitled to post-conviction relief and no purpose would be served by any further proceedings." Appellant asserts here that an evidentiary hearing was required since a material issue of fact was unresolved as to the possible existence of the common law marriage and its impact upon the validity of his guilty plea.

It is clear that appellant's assertion of inadequate counsel and hence the validity of his guilty plea depends solely upon the existence of the alleged common law marriage. See *State v. Tucker,* 97 Idaho 4, 539 P.2d 556 (1975). In the context of an application for post-conviction relief, a material issue of fact requiring an evidentiary hearing for determination is one which is critical to the ultimate disposition of the application. *Pulver v. State,* 93 Idaho 687, 471 P.2d 74 (1970); *Smith v. State,* 94 Idaho 469, 491 P.2d 733 (1971). We hold that the issue as to the existence of the common law marriage did not in fact exist. Appellant nowhere affirmatively alleged that he was in fact so married. The record here is undisputed and uncontradicted in that appellant's own statements preclude a finding of the lower court that there existed a mutual assumption of marital rights and duties or obligations. Without such a finding, appellant could not establish the existence of a marital privilege under I.C. § 9–203 nor on this application assert inadequate assistance of counsel to a level which would negate his guilty plea. See *State v. Tucker, supra; Pulver v. State, supra.*

In Idaho, common law marriage requires the consent of both parties followed "by a mutual assumption of marital rights, [and] duties or obligations." I.C. § 32–201; *Hamby v. Simplot Company,* 94 Idaho 794, 498 P.2d 1267 (1972). Appellant himself admitted that he never married

Gray because of fear that she might subsequently divorce him and claim alimony and further that appellant was aware that Gray was still married to at least one other person.

Appellant further asserts error in the trial court's finding that the guilty plea was voluntarily made since the record displays appellant's continual denial of an intent to kill the victims. Appellant maintained throughout and even at the time of sentencing that his killings of the victims were accidental. He argues, therefore, that the lower court should not have accepted his pleas of guilty to first degree murder. Also, appellant argues that he was improperly charged on a felony murder theory of first degree murder since the record discloses a burglary. We deem appellant's argument in this regard to be frivolous. The record is clear that appellant not only burglarized the home of the victims, but also robbed them immediately prior to the murder. Either offense triggered the felony murder rule then in effect in 1967 which placed such murders in first degree category regardless of the existence or non-existence of any intent to shoot a weapon. See *State v. Carver*, 94 Idaho 677, 496 P.2d 676 (1972); S.L.1969, ch. 248, § 1, p. 773 (now I.C. § 18-4003); *State v. Reding*, 52 Idaho 260, 13 P.2d 253 (1932).

A valid guilty plea waives non-jurisdictional defects. *Tollett v. Henderson*, 411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973); *McMann v. Richardson*, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970); *Parker v. North Carolina*, 397 U.S. 790, 90 S.Ct. 1458, 25 L.Ed.2d 785 (1970). We therefore reject appellant's argument that his conviction is invalid due to alleged improprieties in the obtention of evidence against him prior to his change of plea to guilty. See *Clark v. State*, 92 Idaho 827, 452 P.2d 54 (1969); *Lockard v. State*, 92 Idaho 813, 451 P.2d 1014 (1969); *State v. Brady*, 16 Ariz.App. 393, 493 P.2d 939 (1972); *State v. Brown*, 204 Kan. 430, 464 P.2d 161 (1970).

The lower court's order of dismissal of the application for post-conviction relief is affirmed.

McQUADE, C. J., and McFADDEN, DONALDSON and BAKES, JJ, concur.