557 P.2d 634

**In the Interest of John DOE, a child under eighteen years of age, Defendant-Appellant.**

**No. 11549.**

Supreme Court of Idaho.

Dec. 17, 1976.

Robert F. McLaughlin, Mountain Home, for defendant-appellant.

Wayne L. Kidwell, Atty. Gen., James F. Kile, Asst. Atty. Gen., Boise, for appellee.

BAKES, Justice.

This is a proceeding brought under the Youth Rehabilitation Act, I.C. §§ 16–1801 *et seq.* The appellant John Doe,[1] who was under eighteen years of age at the time of the incident involved, was accused of both the forcible and statutory rape of a fourteen year old girl. A hearing on the matter was held before the magistrate. Following the hearing, the magistrate entered a "decision and order" in which he found that appellant Doe had not forcibly raped the fourteen year old girl, but had engaged in intercourse with her and thus had committed the offense of statutory rape. Because he found that appellant Doe had committed a criminal offense, the magistrate concluded that appellant was within the purview of the Youth Rehabilitation Act and ordered the county juvenile probation officer to prepare a report concerning appellant's history to aid the magistrate in disposing of the matter. Appellant Doe appealed from this decision and order. The district court dismissed the appeal on the ground that it was premature. The magistrate then issued an order withholding judgment and placing appellant Doe on probation for a period of six months. The order also provided that the proceeding would be dismissed at the end of six months if appellant complied with the terms of his probation during that period. Appellant Doe again appealed to the district court. The district court again dismissed the appeal, this time upon the ground that the order entered by the magistrate was not an appealable order. Doe has appealed to this Court from the district

---

1. The Youth Rehabilitation Act provides that the records in proceedings under that act are to be privileged information and that the public in general will not have access to them, I.C. § 16–1816, and further provides that youths who were subject to proceedings under that act are in many cases entitled to an ex-

pungement of their record, I.C. § 16–1816A. Accordingly, to preserve the confidentiality of these proceedings and to assure that the youth may have his record expunged if he is later entitled to it, we are issuing this opinion as a John Doe opinion.

court's order dismissing his appeal from the magistrate.

The main question which we must consider is whether the magistrate's second order was appealable to the district court. This order, which was issued on July 17, 1973, purportedly withheld judgment and placed Doe upon probation for a six months period upon the conditions that he respect and obey the law and conduct himself as a good citizen and cooperate with the juvenile probation officer and keep her informed of his residence changes, jobs and other matters that she might request. The order further provided that if the court found at the end of the probation period that Doe had complied with the terms of his probation, then the proceeding would be dismissed. The state argues that the district court did not err in dismissing Doe's appeal from the order of the magistrate because the magistrate's order was not a final judgment. However, I.C. § 16–1819, which governs appeals from decisions of the magistrate in proceedings taken under the Youth Rehabilitation Act, does not provide that only final judgments are appealable. It provides:

> "16–1819. *Appeals.*—All orders or final judgments made by any court in matters affecting a child within the purview of [the Youth Rehabilitation Act] may be appealed and reviewed . . . Upon filing of the notice of appeal, the district court shall take jurisdiction of the case. If a child is in detention the court must promptly hold a hearing after the filing of a request as to whether the child shall remain in detention."

The statute does not provide that only final judgments may be appealed. On the contrary, it provides that all orders "affecting a child within the purview of" the act may be appealed. I.C. § 16–1819 specifically mentions detention as an example of an order which is not necessarily a final

judgment, but which "affect[s] a child", and hence is appealable. Thus, the fact that the order the magistrate entered in Doe's proceeding was not by its terms a final judgment does not mean that that order is not appealable under I.C. § 16–1819. But neither do we think that I.C. § 16–1819 should be read literally to provide that "all orders" may be appealed. We do not think that the legislature intended to give youths who were subject to proceedings under the Act the right to appeal from orders of the magistrate that they appear for hearings before the magistrate or that they meet with youth probation officers prior to the court's entry of a decree disposing of the proceeding. These are not orders sufficiently "affecting a child", as that term is used in I.C. § 16–1819, because these orders do not affect any of the child's substantial interests. While the order in this case imposed probationary terms which were not in themselves onerous—requiring the youth to respect and obey the law and to keep the probation officer informed of his place of residence and employment—nevertheless it was based upon a finding that Doe was within the purview of the Youth Rehabilitation Act because he had committed the felony of statutory rape, and it is our conclusion that such an order withholding judgment based upon that finding sufficiently "affected" Doe to be appealable within the meaning of I.C. § 16–1819, even though it was not a final disposition of the matter.

Accordingly, the order of the district court dismissing the appeal on the ground that the magistrate's order was not appealable was in error. The matter is remanded to the district court for further proceedings.

McFADDEN, C. J., DONALDSON and SHEPARD, JJ., and SCOGGIN, District Judge (Ret.), concur.