558 P.2d 83

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Gilbert CHAPA, Defendant-Appellant.**

**No. 12156.**

Supreme Court of Idaho.

Dec. 30, 1976.

Herman E. Bedke, Burley, for defendant-appellant.

Wayne L. Kidwell, Atty. Gen., Lynn E. Thomas, Deputy Atty. Gen., Jordan P. Smith and David G. High, Asst. Attys. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

On October 27, 1975, the defendant pleaded guilty to an amended information charging him with burglary in the first degree, attempted robbery, and assault with a deadly weapon. The charge of assault with a deadly weapon had been reduced from a charge of assault with a deadly weapon with intent to murder. The judgment and order of conviction was entered on November 24, 1975 with the defendant being sentenced to concurrent terms of 15 years for the crime of burglary in the first degree, 15 years for attempted robbery and 2 years for assault with a deadly weapon.

Appellant assigns as error on appeal that under the facts and circumstances of this case the sentences imposed were unduly harsh and amounted to an abuse of discretion by the district court.

Pronouncement of the sentence to be imposed is within the discretion of the trial court and will not be disturbed on appeal in absence of an abuse of discretion. *State v. Mooneyham,* 96 Idaho 145, 525 P.

2d 350 (1974). However, where there is an abuse of discretion in sentencing, this court will not hesitate to exercise its power to review and reduce the sentence imposed. *State v. Hawk,* 97 Idaho 1, 539 P.2d 553 (1975).

▆ The sentences imposed in this case are within the statutory limits prescribed by the Idaho State Legislature (See I.C. §§ 18–1403, 18–6503 and 18–906), and when such is the case, the appellant has the burden of showing a clear abuse of discretion, which is dependent on the circumstances of each case. *State v. Cunningham,* 97 Idaho 650, 551 P.2d 605 (1976); *State v. Ogata,* 95 Idaho 309, 508 P.2d 141 (1973).

▆ The presentence report in this case indicates that the defendant has three prior felony convictions for first degree burglary (twice) and grand larceny; one probation and one parole, both of which were revoked; five misdemeanor convictions for petit larceny, battery, and three traffic offenses; two penal incarcerations and four jail incarcerations; and additional misdemeanor and felony charges which are pending in Lincoln County. Although a warrant of arrest has been issued on these last mentioned charges, service of the warrant had not been made at the time of the hearing.

On his own behalf, appellant maintains that an extended period of incarceration in a prison would not serve his rehabilitative needs and that he has shown great progress in overcoming his antipathy toward authority and bettering his attitude toward the law.

In pronouncing sentence, the trial judge stated, " * * * it appears that the defendant really hasn't learned from his past experiences in view of the entire record. * * * The defendant may believe in his own mind at this time that he has rehabilitated himself, but the proof of that to this court, of course, is lacking."

With this conclusion we agree. The appellant has not shown any abuse of discretion by the trial judge. Judgment of conviction and sentence affirmed.