572 P.2d 1228

STATE of Idaho, Plaintiff-Respondent,

v.

Thomas J. HARWOOD,
Defendant-Appellant.

No. 12497.

Supreme Court of Idaho.

Dec. 29, 1977.

Stephen B. McCrea, Coeur d'Alene, for defendant-appellant.

Wayne L. Kidwell, Atty. Gen., James F. Kile, Asst. Atty. Gen., Boise, for plaintiff-respondent.

SHEPARD, Justice.

Appellant upon a plea of guilty was convicted of burglary in the second degree and sentenced to the maximum term of five years therefor. I.C. § 18–1403. At the time of the burglary appellant was 17 years of age and, therefore, within the purview of the Youth Rehabilitation Act. I.C. § 16–1801. However, following petition, hearing and findings in and by the magistrate's division of the district court, an order was entered waiving juvenile jurisdiction. I.C. §§ 16–1806, 18–216.

Appellant asserts error in the admission of hearsay testimony at the hearing held on the petition for waiver of juvenile jurisdiction and although appellant's then counsel did not object, appellant's counsel would now have this Court hold the admission of such testimony as error under the fundamental error doctrine. State v. White, 97 Idaho 708, 551 P.2d 1344, cert. denied, 429 U.S. 842, 97 S.Ct. 118, 50 L.Ed.2d 111 (1976). Appellant also argues that under the standards of State v. Gibbs, 94 Idaho 908, 500 P.2d 209 (1972), the findings entered by the magistrate following the waiver hearing were inadequate to support the waiver order. Lastly, error is assigned to the alleged abuse of discretion by the trial court in imposing a maximum sentence.

We note, initially, that appellant did not seek an immediate review of the juvenile jurisdiction waiver order. Rather, review of that order is now sought in connection with appellant's direct appeal from his conviction in the district court. Prior to reaching the merits of the claim that the waiver order was improper, we must determine if the order waiving juvenile jurisdiction can be reviewed by way of direct appeal from the conviction and sentence. We hold the procedure utilized here to be improper.

On the occasion of In re Doe, 98 Idaho 40, 557 P.2d 634 (1976), we held that a juvenile adjudication withholding judgment and placing the juvenile on probation for six months was appealable pursuant to I.C. § 16–1819 even though it was not a final

order in the traditional sense. See also State v. Gibbs, supra; Hayes v. Gardner, 95 Idaho 137, 504 P.2d 810 (1972). Those decisions, however, did not reach the question of whether an order waiving juvenile jurisdiction could be reviewed on direct appeal from a subsequent conviction in an adult court.

That problem, however, was addressed in People v. Chi Ko Wong, 18 Cal.3d 698, 135 Cal.Rptr. 392, 557 P.2d 976 (1976). In California, as in Idaho, juvenile jurisdiction and adult criminal jurisdiction are mutually exclusive. State v. Gibbs, supra. The California court held that practical considerations demand that a juvenile court waiver order not be reviewed on appeal from a criminal judgment of conviction, stating:

> "To allow a defendant who has been convicted in the superior court to question on appeal the propriety of the juvenile court's finding would afford him an opportunity to secure a reversal of a judgment of conviction even though he was found guilty after an errorless trial. Such a defendant should not be allowed to silently speculate on a favorable verdict and then after an adverse judgment is entered proclaim that the juvenile court's finding was erroneous. Moreover, it is in the accused's best interest to seek immediate relief from an improper finding in the juvenile court so he may be spared the burden and public scrutiny associated with a criminal trial. Additionally, the delay inherent in criminal prosecutions may substantially prejudice a juvenile court reconsideration of its prior finding of unfitness should the cause be remanded after a review of criminal proceedings." 18 Cal.3d at 712, 135 Cal. Rptr. 401, 557 P.2d at 985 (citation and footnote omitted).

We find the reasoning of the California court to be persuasive and hold that a review of the juvenile jurisdiction waiver issue must be sought before the charges as an adult have proceeded to trial.[1] Further,

1. Although, as set forth above, we have held that the method used to seek review of the

waiver order was improper in this cause, nevertheless, we note that the waiver proceed-

since substantial rights of a juvenile may be lost by a waiver proceeding it constitutes a critical stage in the proceedings, *Kent v. United States,* 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966), the right to an immediate appeal from the waiver order is evident.

Appellant argues that, nevertheless, any defect in the proceedings leading to the waiver order is jurisdictional and, therefore, such defect deprives the district criminal court of any jurisdiction to render a judgment of conviction. We do not agree and again adopt the reasoning of *People v. Chi Ko Wong, supra,* wherein it is stated:

"Such lack of jurisdiction has been asserted to invalidate an ensuing judgment of conviction. The jurisdictional problem is akin to that resulting from a defective commitment which, *if subjected to a timely and proper attack,* is deemed to fail to confer jurisdiction on the superior court to entertain criminal proceedings. In such an instance, however, the commitment is only voidable and unless voided by a proper and timely attack the court is not divested of jurisdiction to proceed against the accused. We deem the problem resulting from a defective order of [waiver] by a juvenile court to pose a similar jurisdictional bar which may be similarly hurdled if the defect is not properly and timely challenged. The right to assert such a challenge to an order of certification, which order purports to confer on the superior court the right to take personal·jurisdiction over a juvenile, may be estopped or lost by waiver when, as here, no public policy is offended." 18 Cal.3d at 713, 135 Cal.Rptr. at 401–02, 557 P.2d at 985–86 (citations omitted).

▮ An order waiving juvenile jurisdiction constitutes a final order of the magistrate's division of the district court sitting as a juvenile court. I.C. § 16–1819. *Compare In re Doe, supra.* At that time the jurisdiction of the magistrate's division of the district court, sitting as a juvenile court, is extinguished and at the same time there is effected a transfer of jurisdiction to the district court sitting as an adult criminal court. I.C. §§ 16–1806, 18–216; *Hayes v. Gardner, supra.* To effectuate an appeal from the final order of the juvenile court waiving juvenile jurisdiction, review should be first sought and had in the district court and from that decision a direct appeal may be taken to this Court. Further proceedings in the adult court should be held in abeyance pending determination of that question and in those cases where proceedings in the adult court are not abated by the district court, this Court may be petitioned for an appropriate writ.

▮ Appellant next asserts abuse of discretion by the district court when it sentenced him to the maximum term in the penitentiary, albeit he was a first offender in adult status. The record demonstrates the concern of the district court and its consideration of various alternatives. The record further demonstrates the list of offenses committed by appellant while in the status of a juvenile and the unsuccessful rehabilitative attempts, including placement in foster homes and various institutions. The district court considered the alternative of incarceration of the appellant in the county jail, but noted the undesirable physical facilities and held such would not be in accord with the appellant's well-being. Likewise, the court considered and rejected the possibility of military service for the appellant and considered and rejected placing appellant on a retained jurisdiction status, see I.C. § 19–2601(4). The sentence imposed upon appellant was within the statutory limits and we find no abuse of discretion. *State v. Hawk,* 97 Idaho 1, 539

ings, including the findings of the court, were proper under previously announced standards. *State v. Gibbs,* 94 Idaho 908, 500 P.2d 209 (1972). Moreover we observe that appellant was represented by counsel at the waiver hearing and the record may be read that both appel-

lant and his counsel stipulated to the waiver order and urged that the waiver order be entered. At the least, the record is completely clear that both appellant and his counsel had and made no objection to the entry of the waiver order.

P.2d 553 (1975). Order, judgment and sentence affirmed.

McFADDEN, C. J., and DONALDSON and BAKES, JJ., concur.

BISTLINE, Justice, dissenting.

*In re Doe,* 98 Idaho 40, 557 P.2d 634, was this Court's first authoritative construction of I.C. § 16–1819. *Doe* was not announced until December 17, 1976. Harwood's hearing on "waiver" or "relinquishment" of juvenile court authority took place some three months prior to *Doe.* Without the authoritative construction this Court made in *Doe,* I.C. § 16–1819 did not clearly require either that an appeal need be taken, or the right thus abandoned, or that an appeal even could be taken from a "waiver" order. In fact, the State in *Doe* argued that Doe's appeal to the district court was properly dismissed "because the magistrate's order was not a final judgment." This Court held otherwise, but noted that all orders in magistrate court affecting juveniles might not sufficiently affect a child so as to give rise to the right or obligation of an appeal.

Similarly, while the Court's opinion in this case involving Harwood does correctly state the rule announced in California, *People v. Chi Ko Wong,* 18 Cal.3d 698, 135 Cal.Rptr. 392, 557 P.2d 976 (1976), Harwood's hearing also predated that case, *Wong* being announced only 6 days after this Court announced *Doe.* Moreover, the rule of *Wong* was *not* applied in Wong's case:

> Defendant in the instant case has failed to avail himself of the timely remedy available. As indicated earlier, however, the reported cases provide conflicting directions as to the proper manner in which and time at which a challenge to a certification order should be asserted. *For that reason the rule announced herein will be applied only prospectively to criminal prosecutions commenced after the finality of our opinion herein, and we will consider on the merits the instant claim that the certification order is defective.* (Emphasis added.) 135 Cal.Rptr. at 403, 557 P.2d at 987.

The California Supreme Court then proceeds to thoroughly discuss the merits of the issues raised by Wong on his appeal. I submit that this Court is obligated to do the same. Because it does not do so, it does not meet or discuss at all the serious contentions raised on the appeal.

Nor am I able to join in the application of the well-worn cliche that a sentence within statutory limits is not an abuse of discretion. As the Court notes, this 17 year old boy was handed the maximum, 5 years in the penitentiary. Anything beyond 5 years would have been unlawful; hence I am unable to see where discretion even appeared on the scene. How Harwood, on his first adult offense, benefits or does society itself benefit by his being so incarcerated in the penitentiary for 5 years is something which escapes me.

Even assuming that juvenile procedures had theretofore failed to help him find himself, and conceding that the public is entitled to some respite from his taking ways, I submit that a commutation of his sentence to county jail time was highly in order. It would be interesting to know now how well he has fared at the State Penitentiary.