587 P.2d 305

The STATE of Idaho,
Plaintiff-Respondent,

v.

Terry Allen TIPTON aka Terry Allen
Inlow, Defendant-Appellant.

No. 12440.

Supreme Court of Idaho.

Dec. 4, 1978.

Piatt H. Hull of Hull & Hull, Wallace, for defendant-appellant.

Wayne L. Kidwell, Atty. Gen., Arthur J. Berry, Asst. Atty. Gen., Boise, for plaintiff-respondent.

BAKES, Justice.

Defendant appellant Terry Allen Tipton appeals from a judgment based on his guilty plea finding that he committed three first degree burglaries and sentencing him to three concurrent prison terms not to exceed fifteen years. We affirm.

Appellant was arrested in the early morning of April 23, 1976, after fleeing on foot from Officer Gunderson of the Kellogg, Idaho, police department, who had responded to a report that a burglary was in progress at the Shoshone Funeral Home. After receiving his *Miranda* warnings at the police station, Tipton told the police the names of his two accomplices and implicated himself in two other recent burglaries. On April 24, Tipton made a taped confession to burglaries of the funeral home, Ed's Welding, and Bekins Storage Building, all in Kellogg.

At the time of Tipton's alleged burglaries and his arrest, he was seventeen years old. Petitions relating to Tipton's admitted burglaries were filed in the magistrates division of the district court under the Youth Rehabilitation Act, I.C. §§ 16–1801 *et seq*. The state moved that jurisdiction under the Youth Rehabilitation Act be waived pursuant to I.C. § 16–1806. The prosecutor alleged that Tipton had acquired such a degree of emotional or mental maturity that he would not be receptive to rehabilitation programs designed for children, that the nature of his problems was such to render him dangerous to the public if released at age 21, and that his presence would disrupt the rehabilitation of other youths in the juvenile programs. *See Wolf v. State,* 99 Idaho 476, 583 P.2d 1011 (1978); *Hayes v. Gardner,* 95 Idaho 137, 504 P.2d 810 (1972); and *State v. Gibbs,* 94 Idaho 908, 500 P.2d 209 (1972).

On June 10, 1976, the magistrate held a hearing on the state's waiver motions. Two social workers who had previously worked with the defendant testified to Tipton's history of drug and alcohol problems, his record of shoplifting and burglary offenses, and the rehabilitation efforts and defendant's responses to them, all of which began when defendant was age 10. Tipton also testified at this hearing. At the conclusion of the hearing the court granted the state's motion for waiver of juvenile jurisdiction over Tipton, holding without making specific findings, that the criteria in *State v. Gibbs,* 94 Idaho at 916, 500 P.2d at 217, for use in determining whether a minor charged with a crime should be tried as an adult, had been met.

On June 11, 1976, Tipton was charged with three felony counts of first degree burglary, I.C. §§ 18–1401 and –1402, in the district court. Tipton did not challenge in district court the magistrate's waiver of juvenile jurisdiction and order that he be tried as an adult. On June 14, 1976, Tipton was arraigned on the three counts and pleaded guilty; however, the court refused to accept the pleas when Tipton indicated that the police had encouraged him to confess to the burglaries at Ed's Welding and Bekins Storage by suggesting that he would be charged with and sentenced for only one offense if he cooperated with them. Thereafter Tipton pleaded not guilty and moved for suppression of his oral statements to the police, claiming that they were made involuntarily.

On June 28, 1976, the suppression motion was heard. Tipton and the police officers who had questioned him testified concern-

ing the interrogation which resulted in the confessions. The trial court ruled that the confessions were voluntary and admissible. After conferring with counsel, Tipton then pleaded guilty to the three counts and a presentence report was ordered prepared. On July 9, 1976, the defendant Tipton was sentenced to an indeterminate term not to exceed fifteen years on each of the three counts, the sentences to run concurrently. The defendant filed this appeal.

I

Defendant appellant first assigns as error the magistrate's granting of the state's motion to waive juvenile jurisdiction as permitted by the Youth Rehabilitation Act, I.C. § 16–1806. Appellant contends that the magistrate erred in not withholding his decision until it could be determined whether Oregon might accept him into its juvenile drug rehabilitation program and in not making specific findings of fact with respect to his unsuitability for treatment as a child under the Youth Rehabilitation Act. *See State v. Gibbs, supra.* Appellant further alleges that the magistrate's order waiving juvenile jurisdiction was contrary to the evidence.

■ We do not reach a consideration of the merits of appellant's assignments on this issue. This Court held in *State v. Harwood,* 98 Idaho 793, 572 P.2d 1228 (1977), that review of a magistrate's order waiving juvenile jurisdiction must be sought in the district court by way of appeal before charges as an adult have proceeded to trial. *See* I.C. §§ 16–1801 *et seq.,* particularly § 16–1806 and § 16–1819. The magistrate's order waiving its jurisdiction over a juvenile is a final order of the magistrate's court and must be appealed to the district court prior to further proceedings in district court in the matter. *State v. Harwood, supra,* at 795, 572 P.2d 1228.

■ Although *Harwood* was decided in December of 1977 and Tipton's criminal proceedings occurred in the spring of 1976, there is no reason to limit the application of the *Harwood* rule in this case. The question of whether to follow the usual rule

that retroactive effect be given judicial rulings or whether a particular case should be limited to prospective effect only, using the criteria we outlined in *State v. Whitman,* 96 Idaho 489, 491, 531 P.2d 579, 581 (1975), arises when the rule announced in the more recent case overrules a precedent upon which parties may have justifiably relied. *See State v. Whitman, supra; Thompson v. Hagan,* 96 Idaho 19, 523 P.2d 1365 (1974); *see also Linkletter v. Walker,* 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965), and Annot., 10 A.L.R.3d 1371 (1966). *Harwood* was not an overruling decision. It merely confirmed that I.C. § 16–1819 of the Youth Rehabilitation Act requires an immediate appeal to a district court of a magistrate's waiver of juvenile jurisdiction over a minor. There are no contrary precedents under the Youth Rehabilitation Act upon which defendant appellant may have relied in making his decision not to appeal the waiver in the district court. Failure by defendant appellant to challenge the magistrate's ruling in district court precludes consideration of that ruling in this Court.

II

Defendant appellant argues that the district court erred in not suppressing the confessions he made to the police with respect to the burglaries at Ed's Welding and Bekins Storage. It is defendant's contentions that the confessions and any evidence acquired by the police as a result of them should be suppressed because police statements led defendant to believe no charges for any acts other than the funeral home burglary would be brought if defendant cooperated with police. The heart of defendant's argument is that his confessions were not voluntarily made.

■ The judgment in this case was based not upon the contents of Tipton's confessions to the police or upon evidence derived from those confessions. Defendant's plea of guilty to the three counts of burglary is the basis of the judgment and subsequent sentence. "A plea of guilty differs in purpose and effect from a mere

admission or an extrajudicial confession; it is itself a conviction. ·Like a verdict of a jury it is conclusive." *Kercheval v. U. S.,* 274 U.S. 220, 223, 47 S.Ct. 582, 583, 71 L.Ed. 1009 (1927). As this Court has noted:

"A valid plea of guilty, voluntarily and understandingly given, waives all non-jurisdictional defects and defenses, whether constitutional or statutory, in prior proceedings. [Citations omitted] . . . A valid guilty plea is a judicial admission of all facts charged by the indictment or information. [Citations omitted] A valid plea of guilty is conclusive as to guilt. [Citations omitted] It is a waiver of trial, [citations omitted] and obviates the necessity of the prosecution coming forward with evidence." *Clark v. State,* 92 Idaho 827, 832, 452 P.2d 54, 59–60 (1969).

*See Still v. State,* 97 Idaho 375, 544 P.2d 1145 (1976); *State v. Jackson,* 96 Idaho 584, 532 P.2d 926 (1975); and *Lockard v. State,* 92 Idaho 813, 451 P.2d 1014 (1969).

■ Defendant does not allege that his pleas of guilty were not given voluntarily and understandingly, and our inspection of the trial court record does not indicate that such a contention is supportable. The defendant was at all times relevant to his pleading represented by conscientious counsel. The trial court properly and carefully advised the defendant of the contents of the charges against him, the effect of a plea of guilty as a waiver of his right to put the state to proof of the charges against him, to a jury trial, to cross examination of the state's witnesses, and to his right to call witnesses on his own behalf. *See State v. Colyer,* 98 Idaho 32, 557 P.2d 626 (1976). The trial court advised the defendant that a guilty plea would be an admission of the truth of the charges against him. The court also advised the defendant that any promises of leniency made by the police were not binding upon the court and that by pleading to three counts of burglary Tipton was exposing himself to a potential 45-year sentence. I.C. §§ 18–1403 and –308. The record indicates that the defendant understood this before entering his pleas. Hence, defendant's pleas of guilty,

voluntarily and understandingly given, bar his challenge in this Court to the trial court's denial of defendant's motion to suppress his oral confessions. Following a voluntarily and understandingly entered plea of guilty, the question of whether the confession would have been admissible at trial is no longer relevant. *Allen v. State,* 199 Kan. 147, 427 P.2d 598 (1967).

### III

Defendant appellant claims that the district court committed error in not delaying sentence until it could be determined whether the state of Oregon would accept jurisdiction over him in one of its juvenile rehabilitation programs. Defendant contends that the failure of the district court to adequately investigate alternatives to his incarceration was an abuse of its discretion and a denial of due process.

■ Pronouncement of sentence in Idaho lies within the sound discretion of the trial court, and its decision in the matter will not be disturbed on appeal in the absence of an abuse of that discretion. *State v. Chapa,* 98 Idaho 54, 558 P.2d 83 (1976); *State v. Reese,* 98 Idaho 347, 563 P.2d 405 (1977); *State v. Mooneyham,* 96 Idaho 145, 525 P.2d 340 (1974). Only where there is an abuse of discretion in sentencing will this Court review and reduce the sentence imposed. *State v. Hawk,* 97 Idaho 1, 539 P.2d 553 (1975).

■ Defendant was sentenced by the district court to a term not to exceed fifteen years in the custody of the Idaho Board of Corrections on each of the three counts, the sentences to run concurrently. Although fifteen years is the maximum sentence that may be imposed for any one conviction of first degree burglary, I.C. § 18–1403, an examination of the defendant's past history, his personal problems, and the circumstances surrounding the offenses involved in this appeal, do not support the defendant's contentions that the trial court abused its discretion in imposing this sentence.

The trial court's and counsels' numerous references to the contents of the presentence report in the sentencing hearing show that full consideration was given to Tipton's character, the particularities of the burglary offenses charged, and to the likelihood of success of any alternative to incarceration. The record reveals that Tipton's problems with the law extend back to before 1970 and reflects a continuous series of violations and subsequent commitments to reformatories for drug and alcohol possessions and burglaries. Apparently none of the rehabilitation programs Tipton was involved with impressed upon him the seriousness of the requirement that he obey the law, and there seems to have been no effect on Tipton after more than six years of efforts at rehabilitation. The social workers familiar with Tipton who testified at the hearing for waiver of juvenile jurisdiction indicated their opinions that no juvenile rehabilitation program available within the state of Idaho would have any chance of success.

The lack of success of a long sequence of earlier efforts at rehabilitation and the trial court's observation, supported by Tipton's own account of the events, that the burglaries for which he was charged were deliberately planned for the purpose of obtaining money to buy drugs and alcohol and were carried out in a deliberate manner over several days, amply provide basis for the sentence imposed. In the face of a long record of failures in youth correctional programs in Idaho, we cannot say that omitting to shop around in the social service programs of neighboring states in an effort to find one with a formula necessary to rehabilitate Terry Tipton was an abuse of discretion by the trial court.

Affirmed.

SHEPARD, C. J., and McFADDEN and DONALDSON, JJ., concur.

BISTLINE, Justice, dissenting.

What I said in State v. Harwood, 98 Idaho 793, 572 P.2d 1228 (1977), is equally applicable here, and nothing is to be gained by repetition. Tipton's offenses against the State and his waiver of hearing all preceded the release of opinions in In re Doe, 98 Idaho 40, 557 P.2d 634 (1976), and People v. Chi Ko Wong, 18 Cal.3d 698, 135 Cal.Rptr. 392, 557 P.2d 976 (1976).

In re Doe now declares the law in Idaho as to waiver hearings, but it was not the authoritative construction of I.C. § 16–1819 until it was announced, prior to which time, and in In re Doe itself, the Attorney General of Idaho took the identical position here taken by Tipton's counsel—that a waiver determination was not appealable.

Although I agree that In re Doe has become the law, the Court having addressed the matter of interpreting I.C. § 16–1819, Harwood was wrongly decided on the matter of a retrospective application of In re Doe with the Court placing reliance on some of the language from Wong, but totally ignoring that the rule of Wong was not applied in Wong's case, but made to apply prospectively only.

In Harwood, I questioned the benefit to society and to Harwood himself in being incarcerated in the state penitentiary for 5 years on his first "adult" offense. Here I raise the same question to a sentence 10 years longer than that meted out to Harwood. I have no quarrel with the fact that Tipton's juvenile record showed that as a juvenile he had not been amenable to corrective and rehabilitative measures; but I do question the use of a juvenile record as a predicate upon which to assess punishment for a defendant's first adult conviction. Nor can I avoid noting the disparity of sentences meted out to Harwood and to Tipton, both youthful burglars—5 years for Harwood and 15 years for Tipton. Presumably Tipton was a more offensive and offending juvenile. Be that as it may, it would seem that while some time in the penitentiary might benefit Tipton, for his first adult offense he will remain behind bars, at considerable public expense, long after he may have matured and benefitted from the lesson that crime does not pay. The sentence should be reduced to 5 years.