864 P.2d 160

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Brian Keith WALSH, Defendant–Appellant.**

**No. 19482.**

Supreme Court of Idaho,
Boise, January 1993 Term.

Nov. 22, 1993.

Alan E. Trimming, Ada County Public Defender, and Deborah A. Whipple, Deputy Public Defender, Boise, for defendant-appellant; Deborah A. Whipple, argued.

Larry Echohawk, Atty. Gen. and Michael A. Henderson, Deputy Atty. Gen., Boise, for plaintiff-respondent; Michael A. Henderson, argued.

BISTLINE, Justice.

Appellant Brian Walsh ("Walsh") was tried before a jury and convicted of lewd conduct with a minor child under sixteen, a felony, pursuant to I.C. § 18–1508. Walsh raises several issues on appeal, including a challenge to the district court's jurisdiction, the admissibility of certain testimony, and also a videotape. Because we conclude that the district court did not have jurisdiction over any incidents occurring before his eighteenth birthday, we reverse the judgment and remand the cause to the district court.

## BACKGROUND

Patricia Walsh, a neighbor of the victim, began baby sitting the child in her home in 1989, when the child was in first grade. Patricia Walsh's son, the appellant Brian Walsh, lived with her. Brian, on becoming eighteen years of age on May 15, 1990, no longer enjoyed the status of a minor.

On October 9, 1990, the mother of the victimized child contacted the police to voice her concerns that her daughter had been sexually abused. During the next week, the child was interviewed by the CARES (Children At Risk Evaluation Services) unit at St. Luke's Regional Medical Center. The interview was videotaped. Thereafter an indictment was filed which charged Walsh with lewd conduct with a

minor under sixteen, pursuant to I.C. § 18–1508. The indictment alleged that Walsh's criminal activity accrued within the time frame of September 1989 through October 1990.

At trial, Walsh moved to dismiss, arguing that the prosecution had failed to prove that the charged offense occurred after May 15, 1990, Walsh's eighteenth birthday. The district court denied the motion. During the trial the State presented two expert witnesses, Mydell Yeager, the child's counselor, and Martin Gabica, a physician who had examined the child at the St. Luke's CARES unit. The child also took the stand at trial. The videotape of the CARES interview of the child by pediatric nurse Julie Cantlon was also admitted.

The jury returned a verdict of guilty.

On appeal, Walsh raises a challenge to the trial court's jurisdiction since evidence was presented and Walsh may have been convicted on conduct which occurred before his eighteenth birthday. Walsh also challenges the admission of the CARES videotape and admitting the testimony of State witnesses Yeager and Gabica.

## ANALYSIS

■ Walsh was charged with conduct extending from September 1989 through October 1990. His eighteenth birthday fell on May 15, 1990. We agree with Walsh's argument that the district court did not have jurisdiction regarding the charged conduct which occurred before his eighteenth birthday.

It is undisputed that from September 1989 to May 15, 1990, over one-half of the time span of alleged criminal conduct with which Walsh was charged, he was seventeen years of age. That being so, we necessarily turn to the statutory scheme dealing with crimes committed by those under eighteen years of age. Idaho Code § 18–216 provides in relevant part,

(1) A person *shall not* be tried for or convicted of an offense if: ... (b) *at the time of the conduct charged to constitute the offense* he was not less than fourteen (14) nor more than seventeen (17) years of age, *unless:* ... 2. the court having jurisdiction pursuant to chapter 18, title 16, Idaho Code [the Youth Rehabilitation Act], has entered an order waiving jurisdiction and consenting to the institution of criminal proceedings against him.

(2) No court shall have jurisdiction to try or convict a person of an offense if criminal proceedings against him are barred by subsection (1) of this section. When it appears that a person charged with the commission of an offense may be of such an age that criminal proceedings *may be barred* under subsection (1) of this section, the court shall hold a hearing thereon, and *the burden shall be on the prosecution* to establish to the satisfaction of the court that the criminal proceeding is not barred upon such grounds.

I.C. § 18–216 (emphasis added). Furthermore, I.C. § 16–1803 states, "Jurisdiction.— ... [T]he court shall have *exclusive, original jurisdiction* over any child[1] and *over any adult who was a child at the time of any act* ... in the following cases: ... 2. Where the act ... is a violation of any federal, state, local or municipal law ... which would be a crime if committed by an adult...." I.C. § 16–1803 (emphasis added).

Thus it is readily seen that these two statutes provide that it is the juvenile court which has exclusive jurisdiction over any person who is charged with having violated a law before he or she turned eighteen years of age. Moreover, except in the case of serious violent crimes which are automatically triable within the district court under I.C. § 16–1806A, the district court may only try a person as an adult who would otherwise come within the purview of Youth Rehabilitation Act (YRA) if a court exercising jurisdiction under the YRA waives its jurisdiction by holding a waiver hearing under I.C. § 18–216(2). *See, e.g.,*

---

**1.** For the purposes of the Youth Rehabilitation Act, Chapter 18, Idaho Code § 16–1802 defines "child" as "a person less than eighteen (18) years of age." "Adult" is defined as "a person eighteen (18) years of age or older."

*Hayes v. Gardner,* 95 Idaho 137, 504 P.2d 810 (1972) (prosecution of defendant who was seventeen years of age at time of alleged offense barred where the court having jurisdiction under the Youth Rehabilitation Act had not conducted a hearing nor entered an order based thereon waiving jurisdiction). Here, it is undisputed that a waiver hearing in a juvenile court never took place.

 The State argues that, because Walsh did not request a jury instruction limiting the period of alleged crimes to after May 15, 1990, Walsh cannot now complain of such an error. This attempt to recast the error as one of jury instructions rather than jurisdiction is ~~equally~~ without merit. It is axiomatic that subject matter jurisdiction may never be waived, even on appeal. *State v. Mowrey,* 91 Idaho 693, 695, 429 P.2d 425, 427 (1967) ("[W]here lack of jurisdiction over the subject appears on the face of the record, an appellate court may, on its own initiative, dismiss the action."). Idaho Code § 18–216(2) states that when it first appears that a defendant may fall within juvenile jurisdiction, the district court *"shall* hold a hearing thereon." In this case, the trial court determined and correctly so, that it was vested with jurisdiction. The district court's jurisdiction, however, extended over only those incidents which took place after Walsh's eighteenth birthday. The indictment was clearly erroneous wherein it charged Walsh with criminal activity over the time period of September 1989 through May 15, 1990.

 The State argues that certain instances of criminal conduct which occurred after May 15, 1990, were proved at trial. At this late date it is impossible for us now to determine whether or not Walsh was convicted for an act occurring before or after his eighteenth birthday.

## CONCLUSION

We therefore reverse the conviction and remand the cause to the district court for appropriate further proceedings consistent with the above. In light of this disposition we need not address the remaining issues raised by Walsh.

McDEVITT, C.J., JOHNSON and TROUT, JJ., and REINHARDT, J. Pro Tem., concur.