79 P.3d 165

**In the Matter of: Jane Doe, a Child Under the Eighteen (18) Years of Age.**

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Jane DOE, Defendant–Appellant.**

**No. 28753.**

Court of Appeals of Idaho.

Oct. 21, 2003.

Wiebe & Fouser, Canyon County Public Defender; Robert P. Tilley, Deputy Public Defender, Caldwell, for appellant. Robert P. Tilley argued.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent. Kenneth K. Jorgensen argued.

LANSING, Chief Judge.

This is an appeal from an order finding Jane Doe within the purview of the Juvenile Corrections Act, Idaho Code § 20–501, *et seq.* (JCA), for having committed a battery. Doe argues that the magistrate erred by denying her motion for a judgment of acquittal, which was made on the ground that the State failed to present evidence that Doe was under the age of eighteen and therefore subject to the JCA. We affirm.

## I.

### BACKGROUND

The State filed a petition alleging that Doe was a juvenile, had committed battery in violation of I.C. § 18–903(a), and was therefore within the purview of the JCA. The petition alleged that Doe was seventeen years of age and stated her birth date. An evidentiary hearing was conducted on the battery charge, at which the victim described an attack by two young females and identified Doe as one of the attackers.

After the State rested, Doe moved for a dismissal on jurisdictional grounds. She argued that the State had not shown that she came within the purview of the Juvenile Corrections Act, and therefore within the jurisdiction of the juvenile court, by presenting any evidence of Doe's age. The magistrate held that although an individual named in a JCA petition must be under the age of eighteen at the time of the offense in order for the juvenile court to have jurisdiction, age is not an element of the offense of battery and therefore need not be proven by the State at the evidentiary hearing. Accordingly, the dismissal motion was denied. At the conclusion of the evidentiary hearing, the magistrate found Doe guilty. Doe appealed to the district court, asserting error in the denial of

her dismissal motion. The district court affirmed. Doe now appeals to this Court.

## II.

### ANALYSIS

■ The parties' arguments present the issue to be addressed on this appeal as whether the age of the accused is a matter of the subject matter jurisdiction of the juvenile court, which is not subject to waiver, or a matter of personal jurisdiction, which was waived by Doe's failure to raise the defense prior to the evidentiary hearing. Because this is solely a question of law, we exercise free review. *In re Hanson,* 121 Idaho 507, 509, 826 P.2d 468, 470 (1992).

Judicial precedents on this issue appear to be in conflict. Doe's position—that the age of the accused is a matter of subject matter jurisdiction and must be proved by the State—draws support from the Idaho Supreme Court's decision in *State v. Walsh,* 124 Idaho 714, 864 P.2d 160 (1993), where a defendant was charged and tried as an adult for lewd conduct with a minor based on incidents that might have occurred either before or after the defendant's eighteenth birthday. Because the State did not prove at trial whether the charged offense occurred when the defendant was an adult, the defendant moved for dismissal at the conclusion of the State's case. The trial court denied the motion. On appeal, the Supreme Court held that the district court's jurisdiction extended only to incidents that took place after the defendant's eighteenth birthday and that the indictment was erroneous for having charged criminal activity during a period of months bridging that date. The Court noted that it was impossible to determine whether the defendant had been convicted for an act that occurred while he was a juvenile, and therefore reversed the conviction and remanded the case for further proceedings. In the course of its opinion, the Supreme Court referred to the jurisdictional issue as one of subject matter jurisdiction which may never be waived. *Id.* at 716, 864 P.2d at 162.

Doe also relies upon *State v. Allan,* 100 Idaho 918, 607 P.2d 426 (1980), where the defendant, who claimed to be an Indian, was convicted of an offense committed on an Indian reservation. The defendant disputed the jurisdiction of the state court, contending that he was subject only to the jurisdiction of the tribal court. The Idaho Supreme Court stated that "[w]here the jurisdiction of an accused depends upon his status, his status is a question of fact to be determined by the evidence, and the burden of proof is on the government to sustain the jurisdiction of the court by evidence." *Id.* at 920, 607 P.2d at 428. However, in *Allan* the defendant had moved to dismiss the information on the basis of his status both in the magistrate division and again in the district court prior to trial. Thus, although the Idaho Supreme Court did use the term, "subject matter jurisdiction," *Id.* at 921, 607 P.2d at 429, that characterization was not essential to the court's opinion because the defendant's early presentation of the jurisdictional defense precluded any claim of waiver, regardless of whether the issue was one of subject matter jurisdiction or personal jurisdiction. And because the jurisdictional issue was litigated on pretrial motions, *Allan* does not stand for the proposition that the State must prove jurisdiction *at trial.* The case did not present the question now before us: whether the State must prove the status of the defendant as an element of the offense where the issue was not raised before trial.

The State's contention that the age of the accused is a matter of personal jurisdiction and was waived by Doe's failure to raise the issue prior to the evidentiary hearing is supported by *State v. Harwood,* 98 Idaho 793, 572 P.2d 1228 (1977), and *State v. Burnight,* 132 Idaho 654, 978 P.2d 214 (1999). In *Harwood,* a juvenile was charged with burglary under the Youth Rehabilitation Act, former I.C. § 16–1801, *et seq.,* which was the precursor to the JCA. The juvenile court granted a petition by the state to waive juvenile jurisdiction, and the case was transferred to the district court where the defendant pleaded guilty. On appeal from the judgment of conviction, the defendant claimed error in the admission of hearsay testimony at the hearing held on the petition for waiver of juvenile

jurisdiction. The Idaho Supreme Court held that the appeal was untimely because any appellate challenge to the order waiving juvenile jurisdiction should have been brought immediately from that order and that the waiver order would not be considered on appeal from a criminal judgment of conviction. The Court held that appellate review of this issue must be sought before the charge has proceeded to trial or guilty plea in the district court. *Harwood,* 98 Idaho at 794–95, 572 P.2d at 1229–30. The Supreme Court rejected the defendant's contention that any defect in the proceedings leading to the waiver order was jurisdictional and therefore deprived the district court of jurisdiction. In this decision, the Court referred to the issue as one of personal jurisdiction over the juvenile and held that the right to challenge an order purporting to confer personal jurisdiction upon the district court may be lost by estoppel or a waiver. *Id.,* 98 Idaho at.795, 572 P.2d at 1230.

*Burnight* involved a seventeen-year-old who was charged with several felonies, including two counts of attempted first degree murder and attempted robbery. Because attempted murder is among the enumerated offenses for which juveniles are automatically waived into adult jurisdiction under the JCA, Burnight was charged and prosecuted as an adult. Burnight pleaded guilty to both counts of attempted murder and attempted robbery. After pronouncement of sentence, Burnight filed a motion under Idaho Criminal Rule 35 for correction of an allegedly illegal sentence. On the motion, Burnight argued, among other things, that he was improperly prosecuted as an adult for attempted robbery because he should have been afforded a hearing on the waiver of juvenile court jurisdiction on that charge. The district court denied the motion, and Burnight appealed. The Supreme Court, relying upon its prior decision in *Harwood,* held that Burnight's objection to the district court's jurisdiction over him for the attempted robbery charge had been waived by his failure to raise the issue before entering a guilty plea. *Burnight,* 132 Idaho at 657–58, 978 P.2d at 217–18. The Court commented that, if a juvenile desires to challenge a waiv-

er of juvenile court jurisdiction, "he or she must attack the validity of the jurisdiction prior to proceeding to trial." *Id.* at 658, 978 P.2d at 218.

■ The *Harwood* and *Burnight* decisions are not readily reconcilable with *Walsh's* statement that the question of district court jurisdiction over a juvenile is one of subject matter jurisdiction and cannot be waived. We do not deem it necessary, however, to attempt to harmonize *Walsh* with *Burnight* and *Harwood* in order to resolve the case before us. Because *Burnight* is the most recent pronouncement of the Idaho Supreme Court on this subject, we regard it as expressing the current state of the law to which we must adhere.

We recognize that none of those three decisions involved a challenge to the jurisdiction of the juvenile court; rather, in each case a juvenile was challenging the jurisdiction of the district court. We see no reason, however, for the waiver issue to be resolved differently when the challenge is to juvenile court jurisdiction. Therefore, we hold that Doe waived any challenge to the juvenile court's jurisdiction by failing to bring the issue to the juvenile court prior to the evidentiary hearing on the battery charge.

Here, the petition duly alleged that Doe was a juvenile when the charged offense occurred, and the petition thereby alleged the jurisdiction of the juvenile court. *See* I.C. § 20–505. If that jurisdictional allegation was contested by Doe, it was incumbent upon her to raise her challenge in advance of the evidentiary hearing.[1]

We also reject Doe's contention that status as a juvenile was a fact that the State was required to prove at the evidentiary hearing in order to establish her guilt. Unlike status offenses, for which certain conduct is proscribed only if the actor is a juvenile,[2] the perpetrator's age is not an element of the offense of battery. *See* I.C. § 18–903.

Accordingly, the decision of the magistrate denying Doe's motion to dismiss is affirmed.

Judge PERRY and Judge Pro Tem HORTON concur.

---

1. It is worth noting that Doe has never contended that the juvenile court actually lacked jurisdiction. She has never argued nor presented evidence that she was not in fact a juvenile when the charged offense occurred; she contends only that the State's failure to prove this jurisdictional fact was fatal to the State's case.

2. For example, the underage possession of alcohol, I.C. § 23–604, and underage possession of tobacco, I.C. § 39–5703, are status offenses in which the conduct is proscribed only for individuals under a specified age.